1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

| | |
|---|---|
| IN RE HONDA IDLE STOP LITIGATION | Master File No. 2:22-cv-04252-MCS-SK |
| | CONSOLIDATED ACTION |
| | Hon. Mark C. Scarsi |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | **STIPULATED PROTECTIVE ORDER** |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I.    **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section XIII.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

II.    **GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are

1  entitled to keep confidential, to protect consumers' privacy rights until such time a class

2  is certified, to ensure that the parties are permitted reasonable necessary uses of such

3  material in preparation for trial, to address their handling at the end of the litigation,

4  and serve the ends of justice, a protective order for such information is justified in this

5  matter. It is the intent of the parties that information will not be designated as

6  confidential for tactical reasons and that nothing be so designated without a good faith

7  belief that it has been maintained in a confidential, non-public manner, and there is

8  good cause why it should not be part of the public record of this case. Nothing in this

9  Order is intended to change redaction rules under the governing rules and/or case law.

10  **III.   DEFINITIONS**

11      1.   Action:  The consolidated lawsuit bearing the name *In re Honda Idle Stop*

12  *Litigation*, Case No. 2:22-cv-04252-MCS-SK (C.D. Cal.).

13      2.   Challenging Party: a Party or Non-Party that challenges the designation

14  of information or items under this Order.

15      3.   "CONFIDENTIAL" Information or Items: information (regardless of how

16  it is generated, stored or maintained) or tangible things that qualify for protection under

17  Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause

18  Statement.

19      4.   Competitor/Conflicted Consultant: any expert or consultant who is

20  currently (1) an employee of an automobile manufacturer competitor ("Competitor")

21  of any Honda entity; (2) serving as a consultant to such Competitor on matters relating

22  to the vehicle components in issue in this litigation; or (3) otherwise conflicted out

23  based on, *inter alia*, agency principles or governing law (collectively, "Conflicted

24  Consultants").

25      5.   Counsel: Outside Counsel of Record and House Counsel (as well as their

26  support staff).

27      6.   Designating Party: a Party or Non-Party that designates information or

28

items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

7.    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

8.    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

9.    "HIGHLY CONFIDENTIAL" Information or Items: extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not reasonably be avoided by less restrictive means. By way of example, and not limitation, "HIGHLY CONFIDENTIAL" information may include economically or competitively sensitive information such as non-public design, development, or testing information (particularly that relates to recent or current model year vehicles); engineering specifications or schematics; strategic planning or pricing information; trade secrets; negotiation strategies; proprietary hardware or software or systems; and proprietary edits or customizations to software.

10.    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

11.    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

12.    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which

1  has appeared on behalf of that party, and includes support staff.

2      13.   <u>Party</u>: any party to this Action, including all of its officers, directors,

3  employees, consultants, retained experts, and Outside Counsel of Record (and their

4  support staffs).

5      14.   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or

6  Discovery Material in this Action.

7      15.   <u>Professional Vendors</u>: persons or entities that provide litigation support

8  services (e.g., photocopying, videotaping, translating, preparing exhibits or

9  demonstrations, and organizing, storing, or retrieving data in any form or medium) and

10 their employees and subcontractors.

11     16.   <u>Protected Material</u>: any Disclosure or Discovery Material that is

12 designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

13     17.   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

14 from a Producing Party.

15 **IV.   SCOPE**

16     The protections conferred by this Stipulation and Order cover not only Protected

17 Material (as defined above), but also (1) any information copied or extracted from

18 Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

19 Material; and (3) any testimony, conversations, or presentations by Parties or their

20 Counsel that might reveal Protected Material. Any use of Protected Material at trial

21 shall be governed by the orders of the trial judge. This Order does not govern the use

22 of Protected Material at trial.

23 **V.   DURATION**

24     Even after final disposition of this litigation (i.e. at the conclusion of any

25 appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal

26 has run), the confidentiality obligations imposed by this Order shall remain in effect

27 until a Designating Party agrees otherwise in writing or a court order otherwise directs.

28

1  Final disposition shall be deemed to be the later of (1) dismissal of all claims and

2  defenses in this Action, with or without prejudice; and (2) final judgment herein after

3  the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of

4  this Action, including the time limits for filing any motions or applications for

5  extension of time pursuant to applicable law.

6  **VI.   DESIGNATING PROTECTED MATERIAL**

7      1.    Exercise of Restraint and Care in Designating Material for Protection.

8  Each Party or Non-Party that designates information or items for protection under this

9  Order must take care to limit any such designation to specific material that qualifies

10 under the appropriate standards. The Designating Party must designate for protection

11 only those parts of material, documents, items, or oral or written communications that

12 qualify so that other portions of the material, documents, items, or communications for

13 which protection is not warranted are not swept unjustifiably within the ambit of this

14 Order. Mass, indiscriminate, or routinized designations are prohibited. Designations

15 that are shown to be clearly unjustified or that have been made for an improper purpose

16 (e.g., to unnecessarily encumber the case development process or to impose

17 unnecessary expenses and burdens on other parties) may expose the Designating Party

18 to sanctions. If it comes to a Designating Party's attention that information or items

19 that it designated for protection do not qualify for protection, that Designating Party

20 must promptly notify all other Parties that it is withdrawing the inapplicable

21 designation.

22      2.    Manner and Timing of Designations. Except as otherwise provided in this

23 Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that

24 qualifies for protection under this Order must be clearly so designated before the

25 material is disclosed or produced.  Discovery Material may be designated as either

26 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL.

27      Designation in conformity with this Order requires:

28

(a)  For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" according to the discretion of the Party or Non-Party who is making such documents or materials available. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  For testimony given in depositions that the Designating Party identify, within 30 days after the transcript is delivered, as Protected Material. All deposition testimony taken in this case shall be treated as "HIGHLY

1    CONFIDENTIAL" until the expiration of the thirtieth day after the

2    transcript is delivered to any party or the witness. Within this time period,

3    a Designating Party may serve a Notice of Designation to all parties of

4    record as to specific portions of the testimony that are designated

5    Protected Material, and thereafter only those portions identified in the

6    Notice of Designation shall be protected by the terms of this Order.

7    (c)    For information produced in some form other than documentary and for

8    any other tangible items, that the Producing Party affix in a prominent

9    place on the exterior of the container or containers in which the

10   information is stored the legend "CONFIDENTIAL" or "HIGHLY

11   CONFIDENTIAL." If only a portion or portions of the information

12   warrants protection, the Producing Party, to the extent practicable, shall

13   identify the protected portion(s).

14   3.    Inadvertent Failures to Designate. If timely corrected, an inadvertent

15   failure to designate qualified information or items does not, standing alone, waive the

16   Designating Party's right to secure protection under this Order for such material.

17   Upon timely correction of a designation, the Receiving Party must make reasonable

18   efforts to assure that the material is treated in accordance with the provisions of this

19   Order.

20   VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

21   1.    Timing of Challenges. Any Party or Non-Party may challenge a

22   designation of confidentiality at any time that is consistent with the Court's Scheduling

23   Order.

24   2.    Meet and Confer. The Challenging Party shall initiate the dispute

25   resolution process under Local Rule 37.1 et seq. or, as applicable, under the Court's

26   standing orders.  To avoid ambiguity as to whether a challenge has been made, the

27   written notice must identify the specified Protected Information by Bates number and

28

1  recite that the challenge to confidentiality is being made in accordance with this
2  specific paragraph of the Protective Order.

3         3.      The burden of persuasion in any such challenge proceeding shall be on the
4  Designating Party. Frivolous challenges, and those made for an improper purpose (e.g.,
5  to harass or impose unnecessary expenses and burdens on other parties) may expose
6  the Challenging Party to sanctions. Unless the Designating Party has waived or
7  withdrawn the confidentiality designation, all parties shall continue to afford the
8  material in question the level of protection to which it is entitled under the Producing
9  Party's designation until the Court rules on the challenge.

10  **VIII.  ACCESS TO AND USE OF PROTECTED MATERIAL**

11         1.      <u>Basic Principles</u>. A Receiving Party may use Protected Material that is
12  disclosed or produced by another Party or by a Non-Party in connection with this
13  Action only for prosecuting, defending, or attempting to settle this Action. Such
14  Protected Material may be disclosed only to the categories of persons and under the
15  conditions described in this Order. When the Action has been terminated, a Receiving
16  Party must comply with the provisions of Section XIV below (FINAL DISPOSITION).
17  Protected Material must be stored and maintained by a Receiving Party at a location
18  and in a secure manner that ensures that access is limited to the persons authorized
19  under this Order.

20         2.      <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless
21  otherwise ordered by the court or permitted in writing by the Designating Party, a
22  Receiving Party may disclose any information or item designated "CONFIDENTIAL"
23  only to:

24         (a)      the Receiving Party's Outside Counsel of Record in this Action, as
25         well as employees of said Outside Counsel of Record to whom it is
26         reasonably necessary to disclose the information for this Action;
27         (b)      the officers, directors, and employees (including House Counsel) of
28

1      the Receiving Party to whom disclosure is reasonably necessary for

2      this Action;

3      (c)   Experts (as defined in this Order) of the Receiving Party to whom

4            disclosure is reasonably necessary for this Action and who have

5            signed the "Acknowledgment and Agreement to Be Bound"

6            (Exhibit A);

7      (d)   the court and its personnel;

8      (e)   court reporters and their staff;

9      (f)   professional jury or trial consultants, mock jurors, and Professional

10           Vendors to whom disclosure is reasonably necessary for this Action

11           and who have signed the "Acknowledgment and Agreement to Be

12           Bound" (Exhibit A);

13     (g)   the author or recipient of a document containing the information or

14           a custodian or other person who otherwise possessed or knew the

15           information;

16     (h)   during their depositions, witnesses, and attorneys for witnesses, in

17           the Action to whom disclosure is reasonably necessary provided:

18           (1) the deposing party requests that the witness sign the form

19           attached as Exhibit A hereto; and (2) they will not be permitted to

20           keep any confidential information unless they sign the

21           "Acknowledgment and Agreement to Be Bound" (Exhibit A),

22           unless otherwise agreed by the Designating Party or ordered by the

23           court. Pages of transcribed deposition testimony or exhibits to

24           depositions that reveal Protected Material may be separately bound

25           by the court reporter and may not be disclosed to anyone except as

26           permitted under this Stipulated Protective Order; and

27     (i)   any mediator or settlement officer, and their supporting personnel,

28

1    mutually agreed upon by any of the parties engaged in settlement
2    discussions.

3        3.      Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless
4    otherwise ordered by the Court or permitted in writing by the Designating Party, a
5    Receiving Party may disclose any information or item designated HIGHLY
6    CONFIDENTIAL to the persons listed in Section VIII(2) (a) and (c)-(i), subject to the
7    following additional requirements:

8            (a)    Before disclosure of "HIGHLY CONFIDENTIAL" Information
9                  may be made to any Competitor or Conflicted Consultant as defined
10                 herein (as defined in this Order), and in addition to the requirements
11                 set forth in Section VIII(c), counsel for defendant must be given at
12                 least ten (10) business days' prior written notice of the identity of
13                 the Competitor or Conflicted Consultant as defined herein to whom
14                 such disclosure is to be made (including his or her name, address,
15                 current job title and employer, current resume, and the names of
16                 Competitors in the past three years by which the Expert or
17                 consultant has been employed, retained or performed services for)
18                 and must not object to disclosure, but if defendant objects to
19                 disclosure, no disclosure of "HIGHLY CONFIDENTIAL"
20                 Information shall be made unless and until resolution of such
21                 objection has been reached.

22           (b)    Notwithstanding the foregoing, a Receiving Party may disclose any
23                 "HIGHLY CONFIDENTIAL" Information or Items while on the
24                 record in a deposition taken in this action to a witness provided: (i)
25                 counsel in good faith believes the witness has knowledge of the
26                 matters contained in the "HIGHLY CONFIDENTIAL"
27                 Information or Items (but only as to the subject matter to which the

28

witness is reasonably believed to have knowledge); (ii) counsel in good faith deems it necessary for the prosecution of defense of this action to show the "HIGHLY CONFIDENTIAL" Information or Items to the witness; and (iii) the witness shall sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) before the "HIGHLY CONFIDENTIAL" Information or Items are disclosed. If a dispute arises regarding whether it is necessary for the prosecution or defense of this action to show "HIGHLY CONFIDENTIAL" Information or Items to the witness, counsel for the parties present at the deposition shall meet and confer during the deposition in an attempt to resolve the dispute in advance of the "HIGHLY CONFIDENTIAL" Information or Items are disclosed to the witness. If the parties are unable to resolve the dispute, the "HIGHLY CONFIDENTIAL" Information or Items shall not be disclosed to the witness until such time that the Parties or Court resolves the dispute.

## IX.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

1.     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

(a)     Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a

1  copy of this Stipulated Protective Order; and

2          (c)    Cooperate with respect to all reasonable procedures sought to be
3  pursued by the Designating Party whose Protected Material may be affected. If the
4  Designating Party timely seeks a protective order, the Party served with the subpoena
5  or court order shall not produce any information designated in this action as
6  "CONFIDENTIAL" before a determination by the court from which the subpoena or
7  order issued, unless the Party has obtained the Designating Party's permission. The
8  Designating Party shall bear the burden and expense of seeking protection in that court
9  of its confidential material and nothing in these provisions should be construed as
10  authorizing or encouraging a Receiving Party in this Action to disobey a lawful
11  directive from another court.

12      2.    If the Designating Party timely seeks a protective order, the Party served
13  with the subpoena or court order shall not produce any information designated in this
14  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination
15  by the court from which the subpoena or order issued, unless the Party has obtained the
16  Designating Party's permission. The Designating Party shall bear the burden and
17  expense of seeking protection in that court of its confidential material and nothing in
18  these provisions should be construed as authorizing or encouraging a Receiving Party
19  in this Action to disobey a lawful directive from another court.

20  **X.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS**
21       **LITIGATION**

22      1.    The terms of this Order are applicable to information produced by a No-
23  Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY
24  CONFIDENTIAL."  Such information produced by Non-Parties in connection with
25  this litigation is protected by the remedies and relief provided by this Order. Nothing
26  in these provisions should be construed as prohibiting a Non-Party from seeking
27  additional protections.

28

2.      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

        (a)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

        (2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

        (3)     make the information requested available for inspection by the Non-Party, if requested.

3.      If the Non-Party fails to seek a protective order from this court within 30 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XI.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to

1  whom unauthorized disclosures were made of all the terms of this Order, and (d)

2  request such person or persons to execute the "Acknowledgment and Agreement to Be

3  Bound" that is attached hereto as Exhibit A.

4  **XII.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED**

5  **MATERIAL**

6  When a Producing Party gives notice to Receiving Parties that certain

7  inadvertently produced material is subject to a claim of privilege or other protection,

8  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

9  Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

10 may be established in an e-discovery order that provides for production without prior

11 privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

12 parties reach an agreement on the effect of disclosure of a communication or

13 information covered by the attorney-client privilege or work product protection, the

14 parties may incorporate their agreement in the stipulated protective order submitted to

15 the court.

16 **XIII.  MISCELLANEOUS**

17 1.  Right to Further Relief. Nothing in this Order abridges the right of any

18 person to seek its modification by the Court in the future.

19 2.  Right to Assert Other Objections. By stipulating to the entry of this

20 Protective Order no Party waives any right it otherwise would have to object to

21 disclosing or producing any information or item on any ground not addressed in this

22 Stipulated Protective Order. Similarly, no Party waives any right to object on any

23 ground to use in evidence of any of the material covered by this Protective Order.

24 3.  Filing Protected Material. A Party that seeks to file under seal any

25 Protected Material must comply with Civil Local Rule 79-5. Protected Material may

26 only be filed under seal pursuant to a court order authorizing the sealing of the specific

27 Protected Material at issue. If a Party's request to file Protected Material under seal is

28

1  denied by the court, then the Receiving Party may file the information in the public

2  record unless otherwise instructed by the court.

3  **XIV. FINAL DISPOSITION**

4    After the final disposition of this Action, within 60 days of a written request by

5  the Designating Party, each Receiving Party must return all Protected Material to the

6  Producing Party or destroy such material. As used in this subdivision, "all Protected

7  Material" includes all copies, abstracts, compilations, summaries, and any other format

8  reproducing or capturing any of the Protected Material. Whether the Protected Material

9  is returned or destroyed, the Receiving Party must submit a written certification to the

10 Producing Party (and, if not the same person or entity, to the Designating Party) by the

11 60 day deadline that (1) identifies (by category, where appropriate) all the Protected

12 Material that was returned or destroyed and (2) affirms that the Receiving Party has not

13 retained any copies, abstracts, compilations, summaries or any other format

14 reproducing or capturing any of the Protected Material. Notwithstanding this provision,

15 Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial,

16 deposition, and hearing transcripts, legal memoranda, correspondence, deposition and

17 trial exhibits, expert reports, attorney work product, and consultant and expert work

18 product, even if such materials contain Protected Material. Any such archival copies

19 that contain or constitute Protected Material remain subject to this Protective Order as

20 set forth in Section V (Duration) of this Order.

21 **XV. VIOLATION**

22   Any violation of this Order may be punished by any and all appropriate measures

23 including, without limitation, contempt proceedings and/or monetary sanctions.

24

25 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

26

27

28

1    Dated: May 11, 2023                    LEWIS BRISBOIS BISGAARD & SMITH LLP

2

3                                           By: /s/ Eric Y. Kizirian

4                                                Eric Y. Kizirian
                                                 Zourik Zarifian
5                                                Attorneys for Defendant,
                                                 American Honda Motor Co., Inc.
6

7

8

9

10   Dated: May 11, 2023                    DICELLO LEVITT LLC

11

12                                          By: /s/ Adam J. Levitt
                                                 Adam J. Levitt
13                                               John E. Tangren
                                                 Daniel R. Ferri
14                                               Ten North Dearborn Street, Sixth Floor
                                                 Chicago, Illinois  60602
15                                               Telephone:  312-214-7900
                                                 alevitt@dicellolevitt.com
16                                               jtangren@dicellolevitt.com
                                                 dferri@dicellolevitt.com
17

18

19                                               C. Moze Cowper (Bar No. 326614)
                                                 COWPER LAW PC
20                                               10880 Wilshire Boulevard, Suite 1840
                                                 Los Angeles, California 90024
21                                               Telephone: 877-529-3707
                                                 mcowper@cowperlaw.com
22

23

24                                               W. Daniel "Dee" Miles, III
                                                 H. Clay Barnett, III
25                                               J. Mitch Williams
                                                 BEASLEY, ALLEN, CROW,
26                                               METHVIN, PORTIS & MILES, P.C.
27                                               272 Commerce Street

28

---

PROTECTIVE ORDER                                        CASE NO. 2:22-CV-04252

1

Montgomery, Alabama  36104
Telephone: 334-269-2343
Dee.Miles@Beasleyallen.com
Clay.Barnett@BeasleyAllen.com
Mitch.Williams@Beasleyallen.com

2

3

4

5

Andrew Trailor
ANDREW T. TRAILOR, P.A.
9990 Southwest 77 Avenue, PH 12
Miami, Florida  331156
Telephone:  305-668-6090
andrew@attlawpa.com

6

7

8

9

*Attorneys for Plaintiffs*

10

11

**PURSUANT TO STIPULATION, SO ORDERED**

12

13

Dated this 12th day of May, 2023,

14

15

_____

16

HON. STEVE KIM
UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

4

5

6

IN RE HONDA IDLE STOP
LITIGATION

Master File No. 2:22-cv-04252-MCS-SK

CONSOLIDATED ACTION

7

8

9

10

THIS DOCUMENT RELATES TO:
ALL ACTIONS

**ACKNOWLEDGEMENT OF**
**PROTECTIVE ORDER**

11

12

13

14

I, _____, state:

15

16

     1.     I have read the Protective Order attached hereto, and I understand its terms and meanings.

17

18

     2.     I further agree that I will not disclose any Protected Documents to any person except as allowed by the terms of the Protective Order.

19

20

21

22

     3.     Upon the final determination of this Proceeding, I shall promptly destroy or delete all Protected Documents provided to me as well as any notes or derivations thereof. I understand that my obligation to honor the confidentiality of such material will continue even after this Proceeding concludes.

23

24

25

26

     4.     I agree that my signature below submits me to the jurisdiction of the United States District Court in the Central District of California, in the above captioned case and binds me to the provisions of the Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

27

28

1         I state under penalty of perjury under the laws of the United States of America

2   that the foregoing is true and correct.

3

4   Executed on _____

5

6   _____

7   [Printed Name]

8

9   _____

10  [Signature]

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28