| | |
|---|---|
| Adam J. Levitt<br>**DICELLO LEVITT LLC**<br>Ten North Dearborn Street, Sixth Floor<br>Chicago, Illinois  60602<br>Telephone:  312-214-7900<br>alevitt@dicellolevitt.com<br><br>H. Clay Barnett III<br>**BEASLEY, ALLEN, CROW,**<br>**METHVIN, PORTIS & MILES, P.C.**<br>272 Commerce Street<br>Montgomery, Alabama  36104<br>Telephone:  334-269-2343<br>Clay.Barnett@BeasleyAllen.com<br><br>Andrew Trailor<br>**ANDREW T. TRAILOR, P.A.**<br>9990 Southwest 77 Avenue, PH 12<br>Miami, Florida  33156<br>Telephone:  305-668-6090<br>andrew@attlawpa.com<br><br>*Interim Class Counsel*<br>(*Additional counsel listed on signature page*) | Eric Y. Kizirian (SBN 210584)<br>Zourik Zarifian (SBN 306368)<br>**LEWIS BRISBOIS BISGAARD &**<br>**SMITH LLP**<br>633 West Fifth Street, Suite 4000<br>Los Angeles, CA  90071<br>Telephone:  213-250-1800<br>eric.kizirian@lewisbrisbois.com<br>zourik.zarifian@lewisbrisbois,com<br><br>*Counsel for Defendant American Honda Motor Co., Inc.* |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re HONDA IDLE STOP LITIGATION.<br><br>This Document Relates to: ALL ACTIONS. | Master File No.: 2:22-cv-04252-MCS-SK<br><br><u>CONSOLIDATED CASE</u><br><br>**JOINT REPORT PURSUANT TO RULE 26(F)**<br><br>Date of Conference: June 26, 2023<br>Time: 10:00 am<br>Courtroom: 7C |

Pursuant to Federal Rule of Civil Procedure 26(f), the Parties submit the following joint status report.

**A.    Statement of the Case**

This case concerns model years 2015 through 2023 Honda Pilot, Honda Odyssey, Honda Passport, Honda Ridgeline, Acura TLX, and Acura MDX vehicles equipped with the idle stop feature ("Class Vehicles") manufactured and sold by Defendants Honda Motor Co. Ltd. and American Honda Motor Co., Inc. (collectively "Honda"). The Class Vehicles allegedly have a defect in their idle stop feature that causes the vehicles to suddenly and unexpectedly become inoperable and undriveable where they rest (the "Idle Stop Defect"). Plaintiffs assert claims on behalf of themselves and proposed classes of purchasers in the following states: Alabama, California, Connecticut, Delaware, Florida, Illinois, Indiana, Louisiana, Maryland, Nevada, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, Texas, Virginia, and Washington. The claims in the Second Consolidated Amended Complaint (ECF No. 82) are listed below.

- Alabama (Plaintiff Stewart): violation of the Alabama Deceptive Trade Practices Act; breach of implied warranty of merchantability; fraudulent omission; unjust enrichment

- California (Plaintiffs Pourjafar, Arambula, and Crary): violation of the California Consumer Legal Remedies Act; violation of the Song-Beverly Consumer Warrant Act (breach of implied warranty); fraudulent omission; unjust enrichment; violation of the California Unfair Competition Law

- Connecticut (Plaintiff Bishop): violation of the Connecticut Unfair Trade Practices Act; breach of implied warranty of merchantability; fraudulent omission; unjust enrichment

- Delaware (Plaintiff Simpson): violation of the Delaware Deceptive Trade Practices Act; breach of implied warranty of merchantability; fraudulent omission; unjust enrichment

- Florida (Plaintiff Bolooki): violation of the Florida Deceptive and Unfair Trade Practices Act; breach of express warranty; breach of implied warranty of merchantability; fraudulent concealment/omission; unjust enrichment

- Illinois (Plaintiffs Williams and O'Neill): violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; fraudulent omission; unjust enrichment

- Indiana (Plaintiff Kaminski): violation of the Indiana Deceptive Consumer Sales Act; breach of implied warranty of merchantability; fraudulent omission; unjust enrichment

- Louisiana (Plaintiff Lanus): redhibition; breach of warranty of fitness for ordinary use; fraudulent omission; violation of the Louisiana Unfair Trade Practices Act; unjust enrichment

- Maryland (Plaintiff Elliott): violation of the Maryland Consumer Protection Act; breach of implied warranty of merchantability; fraudulent omission; unjust enrichment

- Nevada (Plaintiff Ayala): violation of the Nevada Deceptive Trade Practices Act; breach of implied warranty of merchantability; fraudulent omission; unjust enrichment

- New Hampshire (Plaintiff Denny): violation of the New Hampshire Consumer Protection Act; breach of implied warranty of merchantability; fraudulent omission; unjust enrichment

- New Jersey (Plaintiff Barrett): violation of the New Jersey Consumer Fraud Act; breach of implied warranty of merchantability; fraudulent omission; unjust enrichment

- New York (Plaintiff Qureshi): violation of the New York General Business Law, Deceptive Acts and Practices; breach of implied warranty of merchantability; fraudulent omission; unjust enrichment

- North Carolina (Plaintiff Nock): violation of the North Carolina Unfair and Deceptive Trade Practices Act; breach of implied warranty of merchantability; fraudulent omission; unjust enrichment

- Ohio (Plaintiffs Taranto and O'Basuyi): violation of the Ohio Consumer Sales Practices Act; breach of implied warranty in tort; fraudulent omission; unjust enrichment

- Pennsylvania (Plaintiff Rock): violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law; breach of implied warranty of merchantability; fraudulent omission; unjust enrichment

- Rhode Island (Plaintiff Ransome): violation of the Rhode Island Unfair Trade Practice and Consumer Protection Act; breach of implied warranty of merchantability; fraudulent omission; unjust enrichment

- Texas (Plaintiffs Johnson and Durrani): violation of the Texas Deceptive Trade Practices – Consumer Protection Act; breach of implied warranty of merchantability; fraudulent omission; unjust enrichment

- Virginia (Plaintiffs Thomas and Howell): violation of the Virginia Consumer Protection Act; breach of implied warranty of merchantability; fraudulent omission; unjust enrichment

- Washington (Plaintiff Jew): violation of the Washington Consumer Protection Act; breach of implied warranty of merchantability; fraudulent omission; unjust enrichment

**Honda's Position**

Honda is reviewing Plaintiffs' recently-filed Second Consolidated Amended Complaint and at present, intends to file a motion to dismiss. Honda, however, denies that Plaintiffs' vehicles or other putative class vehicles have an unremedied defect.

Through product investigations that commenced long before Plaintiffs filed this suit, Honda recently learned that certain operational parameters in *some* of the putative class vehicles' idle stop systems *could* cause the idle stop feature to malfunction in

certain model and model year vehicles. To address this potential for malfunction, Honda acted quickly and responsibly and (1) released software updates that modify the startup functionality timing in the idle stop feature in affected vehicles, and (2) provided warranty extensions for the idle stop system as appropriate. These twin actions are reflected in the following Technical Service Bulletins ("TSB") that Honda has released: 22-008; 22-009; 23-001; 23-002; 22-007; 23-008; 23-009; and 23-010. Both the investigation and the release of some of these fixes pre-date this lawsuit. Through these TSBs, affected vehicles are receiving updates free of charge or repairs, as necessary. In other words, Honda has voluntarily provided a full remedy to owners and lessees of the affected vehicles, which prudentially moots their claims. And in any event, unless and until owners or lessees of the affected vehicles take advantage of Honda's voluntary remedies and unless they can then reasonably claim these remedies were ineffective, their claims are unripe. Continued litigation of Plaintiffs' claims at this juncture does not benefit them, the putative class, this Court, or Honda.

**Plaintiffs' Position**

Honda essentially concedes the alleged defect, but argues that it "acted quickly and responsibly" by, only after Plaintiffs' filing, releasing certain software updates and providing certain warranty extensions. However, the efficacy of these fixes is very much in dispute and an issue for discovery. Plaintiffs are aware of reports, including the report of a Plaintiff in this action, that vehicles continue to suffer from the Idle Stop Defect even after receiving Honda's recently introduced "remedies." Further, regardless of whether Honda's "fixes" actually mitigate the defect, Honda cannot simply moot Plaintiffs' claims as a legal matter, particularly those that accrue at the point of sale, by offering a purported remedy. If it could, then defendants could constantly evade liability for fraud and breach of warranty by waiting until they are sued and only then offering to fix the problem.

B.  **Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1332 (a) and (d) because the amount in controversy among the proposed Classes exceeds $5,000,000 and Plaintiffs and one or more Class members are citizens of different states than Defendants.

C.  **Legal Issues**

Because Honda has not yet answered the Second Consolidated Amended Complaint—and therefore has not yet asserted any affirmative defenses—the Parties do not have a comprehensive, definitive list of legal issues for the Court at this time. Plaintiffs anticipate that the legal issues in this case may include but are not limited to the following:

- Whether the proposed Classes should be certified under Rule 23.

- Whether the alleged Idle Stop Defect renders the Class Vehicles "unmerchantable" within the meaning of relevant state laws governing breaches of implied warranty of merchantability.

- Whether Honda owed Plaintiffs and Class Members a duty to disclose the Idle Stop Defect before they purchased or leased their Class Vehicles.

- Honda anticipates that in addition to the certification issue Plaintiffs frame above, the following additional issues will be framed by motions (including a motion to dismiss) that Honda will file: Whether Plaintiffs' claims are unripe in light of the voluntary remedies and fixes Honda announced for the putative class vehicles and that no Plaintiff claims they went to a dealer to receive and later determined the fix was ineffective.

- Whether Plaintiffs' implied warranty claims fail for lack of privity.

- Whether Plaintiffs' claims are barred by applicable statute of limitations.

- Whether Plaintiffs' fraud and consumer protection claims fail for lack of evidence that Honda knew of the alleged defect prior to these Plaintiffs' purchase or lease.

D.  **Parties and Evidence**

Plaintiffs

- Hamid Bolooki is a natural person domiciled in the State of Florida.
- Janice Stewart is a natural person domiciled in the State of Alabama.
- Sirous Pourjafar is a natural person domiciled in the State of California.
- Gabriel Arambula is a natural person domiciled in the State of California.
- Sean Crary is a natural person domiciled in the State of California.
- Kevin Bishop is a natural person domiciled in the State of Connecticut.
- Liz Simpson is a natural person domiciled in the State of Delaware.
- Andre Williams is a natural person domiciled in the State of Illinois.
- Abby O'Neill is a natural person domiciled in the State of Kansas.
- Jeff Kaminski is a natural person domiciled in the State of Indiana.
- Antoinette Lanus is a natural person domiciled in the State of Louisiana.
- Devron Elliott is a natural person domiciled in the State of Maryland.
- Octavio Ayala is a natural person domiciled in the State of Nevada.
- Brandon Derry is a natural person domiciled in the State of New Hampshire.
- Malik Barrett is a natural person domiciled in the State of New Jersey.
- Ali Qureshi is a natural person domiciled in the State of Massachusetts.
- Deneen Nock is a natural person domiciled in the State of North Carolina.
- Drew Taranto is a natural person domiciled in the State of Ohio.
- Etinosa O'Basuyi is a natural person domiciled in the State of Ohio.
- Daniel Rock is a natural person domiciled in the State of Pennsylvania.
- Latasha Ransome is a natural person domiciled in the State of Connecticut.
- Sharon Marie Johnson is a natural person domiciled in the State of Texas.
- Sadia Durrani is a natural person domiciled in the State of Texas.
- Marilyn Thomas is a natural person domiciled in the State of Virginia.
- Melissa Howell is a natural person domiciled in the State of Virginia.

- David Jew is a natural person domiciled in the State of Washington.

<u>Defendants</u>

- Defendant American Honda Motor Co., Inc. is a California corporation that is headquartered in Torrance, California.

<u>Potential Witnesses</u>

In addition to the Parties, potential witnesses in this matter include but are not limited to: current and former employees, agents, and representatives of Honda, its suppliers, and its subcontractors with knowledge of the alleged defect and related facts (e.g., design, investigations, testing, Technical Service Bulletins, communicating with NHTSA, etc.) and expert witnesses.

<u>Key Documents and Evidence</u>

Plaintiffs submit that key documents and evidence supporting their claims will be produced by Honda and its suppliers throughout the discovery phase of this litigation.

Honda submits that the documents and evidence produced in this lawsuit will conclusively show that its voluntary actions (as set forth in various SIBs) in the form of warranty extensions and software updates, have remedied any potential idle stop concerns. In addition to documents or testimonial evidence that is in its possession, custody, or control, materials necessary to establishing Honda's defenses are with Plaintiffs. This evidence consists of documents or testimony relating to their vehicle purchases, vehicle use, vehicle repairs, and experiences with the idle stop system. Additional evidence is in the possession of third parties such as independently owned and operated dealerships, with suppliers, and related Honda entities.

**E.     Damages**

Plaintiffs submit that the realistic range of provable damages easily exceeds the minimum amount in controversy of $5,000,000. *See* § B, *supra*. Plaintiffs further

submit that, given the number of Class Vehicles, damages are likely to be well in excess of $100,000,000.

Honda disputes Plaintiffs have sustained damages or that they are entitled to any damages in this lawsuit.

**F.   Insurance**

Honda is not aware of a policy of insurance that provides coverage for any claims in this lawsuit.

**G.   Motions**

Plaintiffs do not anticipate moving to add new claims or parties to the case at this time.

**H.   Dispositive Motions**

At this time, without having a full picture of the evidence or having seen Honda's affirmative defenses, Plaintiffs cannot state the issues on which they may move for summary judgment.

As set forth above, Honda intends to file a motion to dismiss directed at the Second Amended Consolidated Complaint. If any claims survive and if the evidence adduced in this case supports it, Honda may also file a motion for summary judgment later in the case.

**I.   Manual for Complex Litigation**

Because this is a multi-state class action, Plaintiffs submit that at least some of procedures discussed in the Manual for Complex Litigation should likely be utilized for this case, including § 11.4 related to discovery.

Honda does not see a need to utilize any procedures in the Manual for Complex Litigation at this time.

**J.   Status of Discovery**

The Parties have entered an agreed-upon Protective Order (ECF No. 80). The Parties have extensively conferred on ESI related issues, and are close to agreement on

an ESI discovery protocol. The Parties have exchanged initial sets of Requests for Production and Interrogatories. Plaintiffs have responded to Honda's request for production of documents and produced documents. Honda has provided written responses to Plaintiffs' first set of interrogatories and first set of requests for production of documents. Honda has also made an initial production of documents and has begun to collect and review potentially responsive ESI. No depositions have been scheduled at this time.

**K.  Discovery Plan**

     **i.  Initial Disclosures**

The Parties have exchanged initial disclosures under Rule 26(a). The Parties do not believe any change to the requirements of Rule 26(a) is necessary.

     **ii.  The Subjects on Which Discovery May Be Needed**

Plaintiffs anticipate conducting discovery relating to the nature of the alleged Idle Stop Defect in the Class Vehicles, the harms caused by the defect, Honda's knowledge of the defect, Honda's efforts to investigate and remedy the defect, Honda's communications with NHTSA and suppliers, the cost to repair the defect, and customer complaints about the defect.

Honda anticipates it will conduct the following discovery:

- Deposition of each named Plaintiff (approx. 30 named plaintiffs), and any additional plaintiffs who may be added as proposed class representatives in this matter. These depositions will focus on the plaintiffs' individual vehicle purchase or lease transactions, materials each plaintiff considered or reviewed pre-purchase, plaintiffs' use of their respective vehicles and the idle stop feature, instances (if any) where plaintiffs claim their personal safety was at risk, and claimed damages.
- Interrogatories concerning the factual and legal claims in the operative

complaint and on issues related to Plaintiffs' claim that common issues of law and/or fact predominate and justify certification of the putative class including on issues listed above in topics that may be covered in each named plaintiff's deposition.

- Document requests concerning the factual and legal claims in the operative complaint, as well as on the issues listed above in topics that may be covered in each named plaintiff's deposition.

- Requests for admissions regarding factual issues framed by the operative complaint and related to those listed above in topics that may be covered in each named plaintiff's deposition.

- Depositions of expert witnesses Plaintiffs may designate for trial or who may submit declarations in support of Plaintiffs' anticipated motion for class certification.

- Depositions of non-expert witnesses (e.g., members of the purported class) who may submit declarations in support of Plaintiffs' anticipated motion for class certification, as well as other members of the putative class.

### iii. Discovery Schedule

A proposed schedule for discovery and motion practice—through class certification—is attached as Exhibit A. The parties are mindful of the Court's general practice to set an expedited schedule. They respectfully ask, however, that the Court consider providing slightly more time due to the following considerations. American Honda Motor Co., Inc., which is the distributor of the putative class vehicles, is and will remain the only defendant. This is so even though potentially relevant evidence is in the possession, custody, or control of related third parties located in Japan and in other states. To avoid the need to add additional parties and engage in protracted jurisdictional motions and/or discovery, followed by the need to obtain discovery

abroad, the parties agreed to avoid delay and through an agreement, accommodate discovery from these entities. Discovery from such third parties requires additional time. Not only are the materials located abroad with a material time difference, the documents and evidence will likely be in a foreign language. To account for the inherent difficulties in obtaining such evidence, the parties agreed that in exchange for such parties' discovery cooperation, the normal timelines for party discovery should be extended to ninety (90) days for written discovery and additional lead time for depositions, if any. Although this will require additional time for discovery, it eliminated the need for multiple parties, jurisdictional discovery and motion practice, and associated delays and complications. In addition, there are currently thirty (30) named plaintiffs in this action. Defendant needs to depose them all and may also choose to inspect their vehicles for any ongoing idle stop concerns. Unlike the typical case, this will require an unusual amount of time to coordinate schedules, prepare for depositions, and to complete depositions. The parties respectfully submit that these considerations – motivated by a desire to simplify the case, avoid unnecessary motion practice, and provide discovery through orderly means – presents good cause to deviate from the Court's normal discovery timelines.

The Parties propose that, following a ruling on any summary judgment motions, the Parties will propose dates for trial, a pretrial conference, and any pretrial filings. The Parties submit that this case may not be ready for trial within 18 months of the filing of the original Complaint for reasons stated in § S, *infra*.

    **iv.**   **ESI Protocol**

The Parties have extensively conferred on ESI related issues, and are close to agreement on an ESI discovery protocol.

    **v.**   **Protective Order**

The Parties entered an agreed Protective Order (ECF No. 80) on May 12, 2023.

   vi. **Limitations on Discovery**

At this time, the Parties do not propose any changes to the discovery limitations set forth in the Federal Rules of Civil Procedure.

   vii. **Privilege Claims**

The Parties have discussed issues relating to privilege logs. The Parties have a dispute regarding the propriety and necessity of Honda including post-filing communications on its privilege logs.

**Plaintiffs' Position**

Plaintiffs will agree that Honda need not log post-filing communications with outside counsel, but Honda should not be excused from logging post-filing communications for which in-house counsel (and not outside counsel) is a sender or recipient. Given the fact that Honda has, post-filing, taken measures that it contends address the defect alleged in this case, Honda's post-filing activities are highly relevant. Plaintiffs are entitled to a reasonable disclosure, on a privilege log, of any post-filing documents that Honda is withholding on privilege ground.

**Honda's Position**

The laws governing the attorney-client privilege do not draw distinctions between in-house and outside counsel. There is no reason to make that distinction here. Implicit in the distinction Plaintiffs have drawn is a wholly unjustified tone of nefarious intent—namely, that Honda would somehow shield from disclosure otherwise non-privileged communications that include in-house counsel and thus, post-lawsuit communications with in-house counsel should be logged so Plaintiffs can police them. It is plain and expected that once a lawsuit is filed, protected legal communications from the business with both in-house and outside counsel spike. Honda will not shield from disclosure non-privileged communications with in-house counsel any more than it would be likely to shield such non-privileged communications with outside counsel. Honda respectfully requests that neither party be required to log post-lawsuit privileged

communications. It is an unnecessary burden that will cause delay and disproportionately impact Honda, without justification.

**L.     Discovery Cut-Off**

The Parties propose a discovery cut-off date of April 1, 2024.

**M.    Expert Discovery**

The Parties propose a expert discovery cut-off date of May 3, 2024.

**N.     Settlement Conference/Alternative Dispute Resolution ("ADR")**

The Parties have not yet discussed settlement. The Parties select ADR Procedure No. 3—they will participate in a private mediation.

**O.     Trial Estimate**

Plaintiffs estimate that the Parties will need 10 days for trial. Honda agrees, subject to the caveat that a trial of plaintiffs' individual claims likely will require a maximum of 4 days.

**P.     Trial Counsel**

<u>For Plaintiffs</u>

Adam J. Levitt, John E. Tangren, Daniel R. Ferri, and Blake Stubbs (DiCello Levitt LLC).

H. Clay Barnett III, Demet Basar, Rebecca Gilliland, J. Mitch Williams, and Dylan T. Martin (Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.).

Andrew T. Trailor (Andrew T. Trailor, P.A.).

<u>For Defendants</u>

Eric Y. Kizirian and Zourik Zarifian (Lewis Brisbois Bisgaard & Smith LLP).

**Q.     Independent Expert or Master**

The parties agrees that an independent expert or master will not be necessary for this case.

**R.     Schedule Worksheet**

The completed Schedule of Class Certification Dates Worksheet is attached hereto as Exhibit A.

**S.     Other Issues**

Discovery in multi-state and multi-vehicle class actions is complex, often involving terabytes of data. The Parties anticipate that discovery in this case will be no different, for several reasons. Honda's document production is expected to be voluminous and broad in scope. As stated above, due to the parties' discovery agreement, it will also include documents from Honda's related entities located abroad, which may take longer than usual to retrieve, organize, and produce. Once produced, Plaintiffs must translate and review the Japanese documents, to the extent there is not a translated version kept in the ordinary course of business. Additionally, the Plaintiffs expect discovery to entail dozens of depositions—including but not limited to Plaintiffs, current and former Honda employees, employees of Honda's suppliers and subcontractors, at least one Honda corporate representative pursuant to Rule 30(b)(6), and an undetermined number of expert witnesses. Some of these depositions may also involve witnesses associated with Honda's related entities, located abroad, which may take longer than usual to schedule. The Parties also expect extensive and thorough motion practice on, *inter alia*, the issues of class certification, summary judgment, and expert witness admissibility under *Daubert*, in addition to pretrial motions. Moreover, the Parties' counsel collectively have significant experience litigating this type of case and, based on that experience, know that a case of this scope with these types of factual and legal issues nearly always takes far longer than 18 months to be ready for trial.[1] For these reasons, the Parties submit that effective and efficient adjudication of this

---

[1] *See* ECF No. 50-1 at 5–14 (listing Interim Class Counsel's experience in complex litigation).

case requires a trial date later than 18 months of the date it was filed (i.e., December 21, 2023). The Parties therefore respectfully request a trial date after August 2024.

DATED:  June 12, 2023  Respectfully submitted,

/s *Adam J. Levitt*
Adam J. Levitt (*pro hac vice*)
John E. Tangren (*pro hac vice*)
Daniel R. Ferri (*pro hac vice*)
Blake Stubbs (*pro hac vice*)
**DICELLO LEVITT LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Telephone:  312-214-7900
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com
dferri@dicellolevitt.com
bstubbs@dicellolevitt.com

W. Daniel "Dee" Miles III (*pro hac vice*)
H. Clay Barnett III (*pro hac vice*)
Demet Basar (*pro hac vice*)
Rebecca Gilliland*
J. Mitch Williams (*pro hac vice*)
Dylan T. Martin (*pro hac vice*)
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama  36104
Telephone:  334-269-2343
Dee.Miles@BeasleyAllen.com
Clay.Barnett@BeasleyAllen.com
Demet.Basar@BeasleyAllen.com
Rebecca.Gilliland@BeasleyAllen.com
Mitch.Williams@BeasleyAllen.com
Dylan.Martin@BeasleyAllen.com

**pro hac vice* application to be filed

/s *Eric Y. Kizirian*
Eric Y. Kizirian (Bar No. 210584)
Zourik Zarifian (Bar No. 306368)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West Fifth Street, Suite 4000
Los Angeles, California  90071
Telephone:  213-250-1800
Eric.Kizirian@lewisbrisbois.com
Zourik.Zarifian@lewisbrisbois.com

***Attorneys for Defendant American Honda Motor Co., Inc.***

Andrew T. Trailor (*pro hac vice*)
**ANDREW T. TRAILOR, P.A.**
9990 Southwest 77 Avenue, PH 12
Miami, Florida 33156
Telephone: 305-668-6090
andrew@attlapa.com

*Interim Class Counsel*

C. Moze Cowper (Bar No. 326614)
**COWPER LAW PC**
10880 Wilshire Boulevard, Suite 1840
Los Angeles, California 90024
Telephone: 877-529-3707
mcowper@cowperlaw.com

*Interim Liaison Counsel*