1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ERIC Y. KIZIRIAN, SB# 210584
  E-Mail: Eric.Kizirian@lewisbrisbois.com
ZOURIK ZARIFIAN, SB# 306368
  E-Mail: Zourik.Zarifian@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant,
American Honda Motor Co., Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IN RE HONDA IDLE STOP LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 2:22-cv-04252-MCS-SK<br><br>Hon. Mark C. Scarsi<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION FOR SUMMARY JUDGMENT OF ALL CLAIMS, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**<br><br>Date: Monday, November 18, 2024<br>Time: 9:00 a.m. PST<br><br>Action Filed: June 21, 2022<br>Trial Date: None |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# **TABLE OF CONTENTS**

**Page**

I.    Introduction .................................................................. 1

II.   Summary of Facts.......................................................... 4

    A.    The AIS Feature. ................................................... 4

    B.    Honda Launches an AIS No-Restart Investigation.................. 4

    C.    Honda Announces Market Actions After a Thorough Investigation and "No Concern for Safety" Determination................... 5

III.  Summary Judgment Standard............................................. 6

IV.   AHM's Market Action Forecloses The Only "Benefit-of-the-Bargain" Damage Plaintiffs Assert For Their Claims. ........................ 6

V.    Plaintiffs' Consumer Fraud Claims Require Summary Dismissal. ................ 11

    A.    There Is No Genuine Issue As to AHM's Duty to Disclose................ 11

        1.    Plaintiffs Lack Evidence to Show AIS-No Restart Presents an Unreasonable Safety Risk. ....................... 11

        2.    Many Plaintiffs Purchased Used Vehicles from Third Parties and Not from AHM or Any Honda or Acura Dealer. ................................. 14

    B.    Plaintiffs Lack Evidence on Materiality. ............................. 15

VI.   Plaintiffs' Implied Warranty Claims Require Summary Dismissal............... 17

    A.    There Is No Genuine Dispute the Subject Vehicles Possess a Basic Degree of Fitness for Ordinary Use. ........................... 17

    B.    Plaintiffs' Failure to Adduce Evidence of a Safety Risk Is Dispositive of Their Implied Warranty Claims Also........................... 19

VII.  Plaintiffs' Unjust Enrichment Claims Must Be Dismissed........................ 19

VIII. In the Alternative, AHM Is Entitled to Summary Adjudication. .................... 21

    A.    Several Plaintiffs' Claims Should Be Summarily Dismissed Because They Are Indisputably Time-Barred. ................................... 21

    B.    Summary Judgment Should Be Granted for Claims of Plaintiffs Who Own an Odyssey Because Plaintiffs Lack Evidence of a Defect in those Cars. ................................... 22

    C.    Summary Judgment Should Be Granted For the Claims By Plaintiffs Who Bought Cars Before Honda Commenced Its AIS No-Restart Investigation of Potential AIS Problems........................... 23

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

    D.    Plaintiffs Who Bought With Pre-Purchase Knowledge of AIS No-Restart Cannot Assert Any Claim. ...................................................25

2

3

    E.    Plaintiff Pourjafar's CLRA and Implied Warranty Claims Must Be Summarily Dismissed...........................................................25

4

IX.    Conclusion ..........................................................................................26

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT AHM'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

**Federal Cases**

4

*Alexander v. Danek Med., Inc.*,

5

    37 F. Supp. 2d 1346 (M.D. Fla. 1999) .................................................................. 22

6

*Baba v. Hewlett-Packard Co.*,

7

    2011 WL 317650 (N.D. Cal. Jan. 28, 2011) ...................................................... 24

8

*Baranco v. Ford Motor Co.*,

9

    294 F. Supp. 3d 950 (N.D. Cal. 2018) ........................................................ 14, 15

10

*Barnett v. Mentor H/S, Inc.*,

    133 F. Supp. 2d 507 (N.D. Tex. 2001) .............................................................. 22

11

12

*Beaty v. Ford Motor Co.*,

    2020 U.S. Dist. LEXIS 23670 (W.D. Wash. Feb. 11, 2020) ............................ 15

13

*Berenblat v. Apple, Inc.*,

14

    2010 WL 1460297 (N.D. Cal. Apr. 9, 2010) ...................................................... 24

15

*Bolooki v. Honda Motor Co., Ltd.*,

16

    2023 U.S. Dist. LEXIS 42028 (C.D. Cal. Mar. 10, 2023) ................................ 23

17

*Bustamante v. Kind, LLC*,

18

    100 F.4th 419 (2d Cir. 2024) .............................................................................. 16

19

*Celotex Corp. v. Catrett*,

20

    477 U.S. 317 (1986) .............................................................................................. 6

21

*In re Chinese Manufactured Drywall Prod. Liab. Litig.*,

22

    706 F. Supp.2d 655 (D. La. 2010) ........................................................................ 9

23

*Clemens v. DaimlerChrysler Corp.*,

    534 F.3d 1017 (9th Cir. 2008) ............................................................................ 10

24

25

*Corrosion Proof Fittings v. EPA*,

    947 F.2d 1201 (5th Cir. 1991) ............................................................................ 11

26

*Cunningham v. Ford Motor Co.*,

27

    641 F. Supp. 3d 400 (E.D. Mich. 2022) ............................................................ 20

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT AHM'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION

*Deras v. Volkswagen Grp. of Am., Inc.*,
    2018 WL 2267448 (N.D. Cal. May 17, 2018) ................................................... 23

*Dipito Ltd. Liab. Co. v. Manheim Invs., Inc.*,
    2021 U.S. Dist. LEXIS 239002 (S.D. Cal. Dec. 13, 2021) ............................... 25

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) .......................................................................... 15

*Elfaridi v. Mercedes-Benz USA, LLC*,
    2018 U.S. Dist. LEXIS 145196 (E.D. Mo. Aug. 27, 2018) .............................. 18

*Ellerbee v. Ethicon, Inc.*,
    2020 U.S. Dist. LEXIS 160130 (M.D. Fla. Sep. 2, 2020).................................. 21

*Faltermeier v. FCA US LLC*,
    899 F.3d 617 (8th Cir. 2018) .................................................................... 14, 15

*In re FCA US LLC Monostable Elec. Gearshift Litig.*,
    2022 WL 4011225 (E.D. Mich. Sept. 2, 2022) ................................................... 7

*Fleet Nat'l Bank v. Anchor Media*,
    45 F.3d 546 (1st Cir. 1995) ............................................................................... 9

*Gerstle v. Am. Honda Motor Co.*,
    2017 U.S. Dist. LEXIS 62809 (N.D. Cal. Apr. 25, 2017)................................. 21

*In re GM LLC Ignition Switch Litig.*,
    407 F. Supp. 3d 212 (S.D.N.Y. 2019) ........................................................... 7, 8

*Gomez v. Markley*,
    2011 U.S. Dist. LEXIS 3385 (W.D. Pa. Jan. 13, 2011) ..................................... 9

*Grimstad v. FCA US LLC*,
    2018 U.S. Dist. LEXIS 208164 (C.D. Cal. Dec. 3, 2018).................................. 22

*Hindsman v. GM LLC*,
    2018 WL 2463113 (N.D. Cal. June 1, 2018) .................................................... 15

*Hosseinzsadeh v. Bellevue Park Homeowners Ass'n*,
    2021 U.S. Dist. LEXIS 5968 (W.D. Wash. Jan. 12, 2021)............................... 21

*Hughes v. Ester C Co.*,
    330 F. Supp. 3d 862 (E.D.N.Y. 2018)............................................................. 15

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT AHM'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION

*In re Idle Stop Litig.*,
  694 F.Supp.3d 1293 (C.D. Cal. 2023)..........................................................20, 21

*Johns-Pratt v. BMW of N. Am. LLC*,
  2020 U.S. Dist. Lexis 69762 (D. Conn. Apr. 21, 2020).......................................9

*Kent v. Hewlett-Packard Co.*,
  2010 U.S. Dist. LEXIS 76818 (N.D. Cal. July 6, 2010) ...................................18

*Knowles v. Arris Int'l Plc*,
  2019 U.S. Dist. Lexis 142293 (N.D. Cal. Aug. 20, 2019) ............................6, 17

*Kommer v. Ford Motor Co.*,
  2017 WL 3251598 (N.D.N.Y. July 28, 2017).....................................................7

*Lee v. Toyota Motor Sales, U.S.A., Inc.*,
  992 F. Supp. 2d 962 (C.D. Cal. 2014)...............................................................18

*Llort v. BMW of N. Am., LLC*,
  2020 U.S. Dist. LEXIS 96992 (W.D. Tex. June 2, 2020).................................19

*Nickerson v. Goodyear Tire & Rubber Corp.*,
  2020 WL 4937561 (C.D. Cal. June 3, 2020)......................................................23

*Nyarko v. BMW of N. Am., LLC*,
  2020 WL 1491361 (D. Md. Mar. 27, 2020) ........................................................8

*O'Donnell/Salvatori Inc. v. Microsoft Corp.*,
  2021 U.S. Dist. LEXIS 27499 (W.D. Wash. Feb. 12, 2021) ...........................22

*Ortiz v. Sig Sauer, Inc.*,
  596 F. Supp.3d 339 (D.N.H. 2022) .....................................................................9

*Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*,
  96 F.3d 1151 (9th Cir. 1996) .............................................................................20

*Ries v. Ariz. Bevs. USA LLC*,
  2013 U.S. Dist. LEXIS 46013 (N.D. Cal. Mar. 28, 2013) ...............................15

*Sater v. Chrysler Group LLC*,
  2016 WL 7377126 (C.D. Cal. Oct. 25, 2016) ....................................................7

*Sheris v. Nissan N. Am., Inc.*,
  2008 U.S. Dist. LEXIS 43664 (D.N.J. June 2, 2008) .......................................18

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Sloan v. Gen. Motors LLC*,
 2017 WL 3283998 (N.D. Cal. Aug. 1, 2017)......................................................24

*Smith v. Ford Motor Co.*,
 749 F. Supp. 2d 980 (N.D. Cal. 2010) ...............................................................14

*Speerly v. General Motors, LLC*,
 No. 23-1940 (6th Cir. Aug. 28, 2024) ...........................................................16, 17

*In re Static RAM Antitrust Litig.*,
 2010 U.S. Dist. LEXIS 131002 (N.D. Cal. Dec. 8, 2010) .................................19

*In re Takata Airbag Prod. Liab. Litig.*,
 2022 U.S. Dist. LEXIS 205085 (S.D. Fla. Nov. 8, 2022) ...................... 2, 6, 9, 10

*In re Takata Airbag Prod. Liab. Litig.*,
 2023 WL 2388488 (S.D. Fla. Jan. 31, 2023)..............................................2, 6, 7

*In re Takata Airbag Prods. Liab. Litig.*,
 255 F. Supp. 3d 1241 (S.D. Fla. 2017)................................................................20

*Taleshpour v. Apple, Inc.*,
 2022 WL 1577802 (9th Cir. May 19, 2022) .......................................................11

*In re Toyota Motor Corp. Hybrid Brake Mktg., Sales Pracs. & Prods.*
 *Liab. Litig.*,
 288 F.R.D. 445 (C.D. Cal. 2013).....................................................................7, 22

*Tran v. Sioux Honey Ass'n, Coop.*,
 471 F. Supp. 3d 1019 (C.D. Cal. 2020)...............................................................15

*Troup v. Toyota Motor Sales*,
 545 Fed. App'x. 668 (9th Cir. 2013).......................................................3, 17, 18

*Tucker v. BMW of N. Am. LLC*,
 2020 U.S. Dist. LEXIS 175794 (W.D. Wash. Sept. 24, 2020) ..........................22

*U.S. Specialty Ins. Co. v. Daimler Trucks N. Am., LLC*,
 2017 U.S. Dist. LEXIS 87428 (S.D. Ind. May 19, 2017) ..................................21

*Vibo Corp. v. U.S. Flue-Cured Tobacco Growers, Inc.*,
 2018 U.S. Dist. LEXIS 82539 (S.D. Fla. May 14, 2018) ..................................21

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Waller v. Hewlett-Packard Co.*,
  295 F.R.D. 472 (S.D. Cal. 2013) ........................................................ 7

*Weidman v. Ford Motor Co.*,
  2020 U.S. Dist. LEXIS 23547 (E.D. Mich. Feb. 11, 2020) ............................ 18

*Williams v. Yamaha Motor Co.*,
  851 F.3d 1015 (9th Cir. 2017) ........................................................ 11

*Williams v. Yamaha Motor Corp.*,
  2015 U.S. Dist. LEXIS 193825 (C.D. Cal. Jan. 7, 2015) ................................ 19

*Wilson v. Hewlett-Packard Co.*,
  668 F.3d 1136 (9th Cir. 2012) ................................................... 11, 23

*Wong v. Am. Honda Motor Co.*,
  2022 U.S. Dist. LEXIS 154932 (C.D. Cal. June 21, 2022)............................. 19

**State Cases**

*Correa v. Maggiore*,
  482 A.2d 192 (N.J. Super. Ct. App. Div. 1984) ...................................... 8

*Fisher v. Qualico Contracting Corp.*,
  779 N.E.2d 178 (N.Y. 2002) ........................................................ 8

*Giles Lafayette, Inc. v. State Farm Mut. Auto. Ins. Co.*,
  467 So.2d 1309 (La. App. 3d Cir. 1985) .............................................. 9

*Little v. Kia Motors Am., Inc.*,
  233 A.3d 377 (N.J. 2020) ........................................................... 8

*Orr Chevrolet, Inc. v. Courtney*,
  488 S.W.2d 883 (Tex. Civ. App. 1972) .............................................. 8

*Rheem Mfg. Co. v. Phelps Heating & AC*,
  746 N.E.2d 941 (Ind. 2011)......................................................... 9

*Safeco Ins. Co. v. J & D Painting*,
  17 Cal. App. 4th 1199 (1993)........................................................ 8

*Santa Rose Golf Assocs. v. Haraway*,
  998 So. 2d 1166 (Fla. Dist. Ct. App. 2008)......................................... 8

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Stephenson v. Capano Dev., Inc.*,
    462 A.2d 1069 (Del. 1983)...................................................................9

*Syncora Guarantee Inc. v. Countrywide Home Loans, Inc.*,
    935 N.Y.S.2d 858 (N.Y. Sup. Ct. 2012)...............................................8

*Thiedemann v. Mercedes-Benz USA, LLC*,
    872 A.2d 783 (N.J. 2005) ...............................................................7, 8

*Thompson v. King Feed & Nutrition*,
    117 Wash. App. 260 (2003) .................................................................9

*Wall v. Amoco Oil Co.*,
    416 N.E.2d 705 (Ill. App. Ct. 1981) ....................................................8

*Wilson & Co. v. Sims*,
    250 Ala. 414 (Ala. 1948) ...............................................................9, 11

*Wright v. Spaghetti Place, Inc.*,
    81-661, 1984 WL 4413 (Ohio Ct. App. May 8, 1984)..........................9

**Statutes**

6 Del.C. § 2-314(c) .................................................................................17

13 Pa. C.S.A. § 2314(b)(3) ......................................................................17

Al. Stat. § 7-2-314(2)(c) ..........................................................................17

Cal. Civ. Code § 1761...............................................................................25

Cal. Civ. Code § 1791(a) ..........................................................................25

Cal. Civ. Code § 1791.1 ...........................................................................17

Cal. Com. Code § 2314(2) ........................................................................17

Conn. Gen. Stat. § 42a-2-314(2)...............................................................17

Fla. Stat. Ann. § 95.11(3)(f) .....................................................................21

Fla. Stat. Ann. § 95.11(3)(j)......................................................................21

Fla. Stat. § 672.314 ..................................................................................17

Ind. Code Ann. § 2-314(2)(c) ...................................................................17

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Ind. Code Ann. § 24-05-0.5-5(b) ...................................................................... 21

Ind. Code Ann. § 26-1-2-725(1) ...................................................................... 21

La. Civ. Code Article 2524 .............................................................................. 17

N.H. Rev. Stat. Ann. § 358-A:3(IV-a), (-b) ................................................... 21

N.H. Rev. Stat. § 382-A:2-314(2)(c) .............................................................. 17

N.J.S.A. 12A:2-314(2)(c) ............................................................................... 17

Ohio Rev. Code § 1302.27(B)(3) .................................................................... 17

R.I. Gen. Law. § 6A-2-314(2)(c) .................................................................... 17

Tex. Bus & Com. Code § 2.314 ...................................................................... 17

Va. Code Ann. § 8.2.314(2)(c) ....................................................................... 17

**Court Rules**

Fed. R. Civ. P. 56(a) ......................................................................................... 6

**Other Authorities**

80 Fed. Reg. 18935 (Apr. 8, 2015) ................................................................ 12

# I.    INTRODUCTION

Plaintiffs[1] base their claims in the Third Consolidated Amended Complaint (Dkt. 111) ("TCAC") on three central allegations:

(1)    Certain 2015-2023 model year Pilot, Odyssey, Passport,  Ridgeline, TLX, and MDX vehicles with Auto Idle Stop ("AIS") are "defective" because the AIS "is subject to sudden and unexpected failure" ("AIS No-Restart");

(2)    AHM had knowledge of AIS No-Restart and did not disclose it; and

(3)    Plaintiffs suffered "benefit-of-the-bargain" damages at the point and time of purchase.

(Separate Statement ("SS") Nos. 1-12). But after two-plus years of litigation and extensive discovery, the overwhelming burden for which was borne by American Honda Motor Co., Inc. ("AHM" or "Honda") (which produced over 35,000 documents (over 184,000 pages) and ten witnesses for deposition), Plaintiffs *still* lack evidence to establish several foundational elements for their remaining claims.[2] Every claim in this lawsuit must be summarily dismissed.

This case is not the typical automotive class action where a purported defect, left unremedied, has ostensibly deprived purchasers of their claimed "benefit-of-the-bargain" at the point and time of sale.  Instead, the record is unambiguous that Honda acted consistent with its reputational identity as a responsible, customer-oriented

---

[1]  Plaintiffs Bolooki, Stewart, Pourjafar, Crary, Bishop, Simpson, O'Neill, Kaminski, Lanus, Elliot, Derry, Barrett, Qureshi, Taranto, O'Basuyi, Rock, Ransome, Johnson, Durrani, Thomas, Howell, and Jew are the only remaining Plaintiffs in this Action (SS No. 19) and are collectively referred to as "Plaintiffs" herein.

[2]  The TCAC includes 88 claims by 26 Plaintiffs.  The Express Warranty claims are asserted "only for purposes of appeal" (SS No. 13) and Ayala (NV) and Nock (NC) have been dismissed (SS No. 14) and thus, Counts 42-45 (Nevada) and Counts 59-62 (North Carolina) are also dismissed since Ayala and Nock were the only Plaintiffs from those states.  (SS Nos. 15-16).  Plaintiffs also dismissed Arambula (CA) and Williams (IL). (SS No. 14).  Thus, 73 claims, 18 states, and 22 named Plaintiffs remain.  (SS Nos. 17-19).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

company and investigated AIS No-Restart, identified a potential problem that could manifest in some cars, and proactively addressed the issue through market actions that provide two *free* and *highly-effective* remedies in the form of a 10-year warranty extension and a software update (SS Nos. 24-29) that even Plaintiffs' expert Okçuoğlu admitted are "an adequate remedy for this defect." (SS Nos. 20-22). Indeed, Okçuoğlu recognized the software update alone is about 98.6% effective. (SS No. 23). This evidence of Honda's "post-sale repairs is not only relevant to the calculation of Plaintiffs' damages, ***but eliminates those damages altogether***." *In re Takata Airbag Prod. Liab. Litig.*, 2022 U.S. Dist. LEXIS 205085, at *135 (S.D. Fla. Nov. 8, 2022) (*"Takata"*) (emphasis added); *In re Takata Airbag Prod. Liab. Litig.*, 2023 WL 2388488, *2-*3 (S.D. Fla. Jan. 31, 2023) (*"Takata II"*) (recognizing that a "significant amount of persuasive [] authority" supports the conclusion that "[b]ecause Defendants have ***repaired or offered to repair Plaintiffs' vehicles free of charge***, Plaintiffs are placed in the same position they would have been in had Defendants initially sold them vehicles with non-defective airbags.") (emphasis added). And since the *only* damage Plaintiffs' expert addressed has been eliminated as a matter of law by AHM's market actions, the key element of "damages" for *all* claims Plaintiffs plead does not exist.

Separately, Plaintiffs lack evidence to support multiple elements for their claims, as follows.

*First*, Plaintiffs lack evidence that AIS No-Restart presents an "unreasonable safety risk." As set forth in AHM's concurrently-filed motion to exclude, Okçuoğlu's safety opinion is *ipse dixit*, devoid of testing, analysis, or reliable methodology. The only admissible safety evidence is *Honda*'s analysis—█████████████████████ ████████████████████████████████ (SS Nos. 31-37) and that Okçuoğlu *admitted* he "didn't have any reason to dispute or challenge …." (SS No. 30). Without competent evidence of a safety risk, Plaintiffs cannot establish a duty to disclose for their fraud, consumer protection, and breach of implied warranty claims.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Second*, even if Okçuoğlu's safety opinions are not excluded, Plaintiffs' fraud/consumer protection claims fail for a multitude of other reasons. Plaintiffs lack evidence that AIS No-Restart is material to a "reasonable consumer." They cannot carry their evidentiary burden by simply *assuming* materiality or through complaint *allegations* that reasonable consumers with knowledge of AIS No-Restart would not have bought their cars. Indeed, the *only* actual evidence on materiality is to the contrary—the only *four* plaintiffs who acquired knowledge of AIS No-Restart *pre-purchase* still bought cars with this feature. Yet these same four plaintiffs had alleged that pre-purchase knowledge of AIS No-Restart would have been material to them. (SS No. 41). Plaintiffs have not adduced any contrary evidence, in the form of a survey or other proof that a "reasonable consumer" would not buy an AIS-equipped car. Separately, and as a matter of law, Plaintiffs who bought used cars from unaffiliated third parties have no failure to disclose fraud or consumer protection claim either.

*Third*, Plaintiffs lack evidence of unmerchantability. A car is unmerchantable if an alleged defect "*drastically* undermines" its ordinary intended use. *Troup v. Toyota Motor Sales*, 545 Fed. App'x. 668, 669 (9th Cir. 2013). Yet Plaintiffs got *full* use of their cars, with some driving up to 30,000 miles *a year* in a purportedly unmerchantable car. Isolated AIS No-Restart experiences, juxtaposed against years' of problem-free driving, do not establish viable implied warranty claims because the law requires that a purported defect "drastically undermine" a vehicle's utility. Ultimately, AIS is not a necessary feature—it can be turned off and generations of cars have been merchantable without AIS. Plaintiffs cannot establish wholesale unmerchantability, as a matter of law, through isolated AIS No-Restart evidence.

*Fourth*, Plaintiffs have no evidence of unjust enrichment. Many bought used cars from third parties (SS Nos. 38-45), which does not "enrich" AHM. And there is no evidence that shows it is unjust for AHM to retain a "benefit" for cars Plaintiffs drove extensively and for which AHM has provided—at great expense—market action remedies.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

144854076.12                                         3                          2:22-cv-04252-MCS-SK
DEFENDANT AHM'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION

*Lastly,* and in the alternative, summary adjudication is required for several time-barred claims, where the vehicles were used for business instead of "personal" use as statutes require, and for Odyssey vehicle claims for which Plaintiffs' expert has not opined on defect.  AHM's Motion should be granted in its entirety.

## II.    SUMMARY OF FACTS

### A.    The AIS Feature.

Honda introduced AIS in the 2015 TLX.  (SS Nos. 46-50).  In 2016, Honda added the AIS to certain 2016 Pilots.  (SS Nos. 49-50).  Honda then added AIS in the 2017 MDX, 2018 Odyssey, 2019 Passport, and 2020 Ridgeline.  (SS Nos. 49-50). AIS "help[s] maximize fuel economy" by turning off engines at stops if certain driving conditions are met.[3]  Customers who dislike AIS can temporarily disable it with a button (SS No. 51) and many do so: 51.2% disable AIS, with 28.2% doing so "always or almost always" mostly because they dislike it.  (SS Nos. 51-55).

### B.    Honda Launches an AIS No-Restart Investigation.



(SS Nos. 56-58)

(SS Nos. 59-62).

(SS Nos. 56-58).

---

[3] https://techinfo.honda.com/rjanisis/pubs/OM/AH/ATG71818OM/enu/ATG71818OM.PDF (last visited 9/6/2024) (p. 505).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW



(SS Nos. 63-64).

(SS No. 65).

(SS Nos. 66-68).

**C.    Honda Announces Market Actions After a Thorough Investigation and "No Concern for Safety" Determination.**

. (SS Nos. 66-67, 69).

. (SS Nos. 75-80).  Honda's March 2022 market action initially applied only to TLX owners because

:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW



(SS Nos. 66-67, 74, 88-89). Honda concluded that AIS No-Restart ███████████ ████████████████████████████████████████████████ ██████████████████████. (SS Nos. 66-67, 71-73). ███████████████ ██████████████████████████████████████ (SS Nos. 81-82) and, ███████████████████████ expanded the market action in January 2023 to include the MDX, Pilot, Passport, and Ridgeline, and in November 2023 to include the Odyssey and ten-speed MDX. (SS Nos. 77-80, 83-85).

Honda's market action is *highly* effective: 875,108 vehicles have received software updates and just 1,468 returned with further AIS claims. (SS Nos. 86-87).

## III.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper where the pleadings, discovery, and affidavits show there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Knowles v. Arris Int'l Plc*, 2019 U.S. Dist. Lexis 142293, at *8 (N.D. Cal. Aug. 20, 2019). A material fact dispute is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* The moving party bears the initial burden of identifying those portions of the pleadings and discovery that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Thereafter, the nonmoving party must go *beyond the pleadings* and "set forth specific facts showing that there is a genuine issue for trial." *Knowles*, 2019 U.S. Dist. LEXIS 142293, at *9. Absent this showing, "the moving party is entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323.

## IV.  AHM'S MARKET ACTION FORECLOSES THE ONLY "BENEFIT-OF-THE-BARGAIN" DAMAGE PLAINTIFFS ASSERT FOR THEIR CLAIMS.

Plaintiffs' *only* damage claim for *all* causes of action is they lost the "benefit-of-the-bargain at the time of purchase. (SS No. 90; Motion for Class Certification at 22:8-10). Indeed, this is the only "damage" opinion their expert offered while

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   expressly disavowing any intent to opine on *any* post-purchase damages.  (SS Nos.

2   91-94).  Yet Honda has implemented multiple market actions that provide free

3   software update and warranty extension remedies.   As numerous courts have

4   recognized, benefit-of-the-bargain damages are ***eliminated*** when a defendant has

5   "repaired or offered-to-repair" an alleged defect for free.  *Takata II*, 2023 WL

6   2388488, at *2-*3; *Takata*, 2022 U.S. Dist. LEXIS 205085, at *135 (granting

7   summary judgment for AZ, CA, FL, IL, MD, MA, MI, MO, NJ, NY, OH, PA, SC,

8   and TX consumer protection claims and concluding post-sale offer to repair a defect

9   for free "eliminates those [benefit-of-the-bargain] damages altogether").  As the court

10  noted in *Takata II*, this conclusion "is supported by a significant amount of persuasive

11  (albeit out-of-state) authority" adopting the view that plaintiffs' entitlement to benefit-

12  of-the-bargain damages is eliminated where a free repair for the defect has been made

13  available.  *Takata II*, 2023 WL 2388488, at *3 (citing *In re FCA US LLC Monostable*

14  *Elec. Gearshift Litig.*, 2022 WL 4011225, at *4 (E.D. Mich. Sept. 2, 2022) (California,

15  Missouri, and Texas law); *Sater v. Chrysler Group LLC*, 2016 WL 7377126, at *7

16  (C.D. Cal. Oct. 25, 2016) (Texas law); *In re Toyota Motor Corp. Hybrid Brake Mktg.*,

17  *Sales Pracs. & Prods. Liab. Litig.*, 288 F.R.D. 445, 450 (C.D. Cal. 2013), *aff'd sub*

18  *nom. Kramer v. Toyota Motor Corp.*, 668 F. App'x 765 (9th Cir. 2016) (California

19  law: class members "suffered no actual injury" because they "received exactly what

20  they paid for—that is a vehicle with a safe and operable ABS" after "updated software

21  was installed in their vehicles"); *Waller v. Hewlett-Packard Co.*, 295 F.R.D. 472,

22  487–88 (S.D. Cal. 2013) (California law: If "purchasers did receive, through the

23  software update, a device that automatically saves all of their files, they can no longer

24  argue that they paid more for the SimpleSave than they otherwise would have or that

25  they would not have bought it at all ... [T]hey now have just what they paid for.");

26  *Kommer v. Ford Motor Co.*, 2017 WL 3251598, at *5 (N.D.N.Y. July 28, 2017) (New

27  York law: plaintiff had "not suffered an injury if the defect can be repaired for free");

28  *Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783, 794 (N.J. 2005) (no loss

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

144854076.12                           7                        2:22-cv-04252-MCS-SK
DEFENDANT AHM'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION

1  under New Jersey Consumer Fraud Act if defect is repaired "at no cost to the
2  consumer"); *see also, e.g.*, *In re GM LLC Ignition Switch Litig.*, 407 F. Supp. 3d 212,
3  240 (S.D.N.Y. 2019) (holding same for CA, MO, and TX). The same holdings should
4  apply here.

5      This Court must examine the post-sale developments relating to the Subject
6  Vehicles to prevent windfall recovery. *See, e.g., Sater*, 2016 WL 7377126, at *7
7  ("Permitting [plaintiff] to retain benefit-of-the-bargain damages for the difference in
8  value between a non-defective truck and the defective truck, even though Defendant
9  has repaired his truck" results in impermissible double-recovery); *Syncora Guarantee*
10 *Inc. v. Countrywide Home Loans, Inc.,* 935 N.Y.S.2d 858, 869 (N.Y. Sup. Ct. 2012)
11 (compensatory "damages are to place the wronged victim in the same position as it
12 was prior to the wrongdoing" without providing any windfall.). And it is hornbook
13 law that a plaintiffs' "loss sustained should be compensated with the least burden to
14 the wrongdoer . . . . Consequently, the plaintiff is limited to his actual loss, as the
15 recovery should not bestow a windfall on the injured party." *See* 1 Nates, Damages in
16 Tort Actions § 3.01 (1982).

17      Honda has restored any "lost" benefit-of-the-bargain by offering a market
18 action with both a free software update repair and warranty extension. (SS Nos. 95-
19 100). Many courts have recognized that an available remedy—whether taken up by
20 Plaintiffs or not—alone restores any purportedly lost benefit-of-the-bargain at the
21 time of purchase. For example, in the *GM Ignition Switch* case, the court held that
22 post-sale repairs of an alleged defect could eliminate damages for plaintiffs'
23 consumer-protection and common law claims under CA, MO, and TX law. *In re GM,*
24 407 F. Supp. 3d at 217. The court found that benefit-of-the-bargain damages were
25 "properly measured as the lesser of (1) the cost of repair or (2) the difference in market
26 value between the Plaintiffs' cars as warranted and those same cars as sold." *Id.*
27 Anything more risked awarding plaintiffs a double-recovery or "windfall." *Id.* at 226,
28 230. This benefit-of-the-bargain measure principle is the rule in the states at issue

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

144854076.12                          8                   2:22-cv-04252-MCS-SK
DEFENDANT AHM'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION

here.  *See also Orr Chevrolet, Inc. v. Courtney,* 488 S.W.2d 883, 886 (Tex. Civ. App. 1972) (**Texas law**); *Safeco Ins. Co. v. J & D Painting,* 17 Cal. App. 4th 1199, 1202 (1993) (**California law**); *Santa Rose Golf Assocs. v. Haraway,* 998 So. 2d 1166, 1667 (Fla. Dist. Ct. App. 2008) (**Florida law**); *Wall v. Amoco Oil Co.,* 416 N.E.2d 705, 708 (Ill. App. Ct. 1981) (**Illinois law**); *Nyarko v. BMW of N. Am., LLC,* 2020 WL 1491361, at *6 (D. Md. Mar. 27, 2020) (**Maryland law**); *Thiedemann,* 872 A.2d at 794; *Little v. Kia Motors Am., Inc.,* 233 A.3d 377, 394 (N.J. 2020); *Correa v. Maggiore,* 482 A.2d 192, 198 (N.J. Super. Ct. App. Div. 1984) (**New Jersey law**); *Fisher v. Qualico Contracting Corp.,* 779 N.E.2d 178, 182 (N.Y. 2002) (**New York law**); *Wright v. Spaghetti Place, Inc.*, 81-661, 1984 WL 4413, at *5 (Ohio Ct. App. May 8, 1984) (**Ohio law**); *Gomez v. Markley,* 2011 U.S. Dist. LEXIS 3385, at *3-4 (W.D. Pa. Jan. 13, 2011) (**Pennsylvania law**); *Thompson v. King Feed & Nutrition,* 117 Wash. App. 260, 263 (2003) (**Washington law**); *Rheem Mfg. Co. v. Phelps Heating & AC*, 746 N.E.2d 941, 955 (Ind. 2011) (**Indiana law**); *Johns-Pratt v. BMW of N. Am. LLC*, 2020 U.S. Dist. Lexis 69762, *10 (D. Conn. Apr. 21, 2020) (**Connecticut law**); *Fleet Nat'l Bank v. Anchor Media*, 45 F.3d 546, 550 n.3 (1st Cir. 1995) (**RI law**); *Wilson & Co. v. Sims*, 250 Ala. 414, 415 (Ala. 1948) (**Alabama law**); *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1076 (Del. 1983) (**Delaware law**); *Giles Lafayette, Inc. v. State Farm Mut. Auto. Ins. Co.*, 467 So.2d 1309, 1310-11 (La. App. 3d Cir. 1985) (**Louisiana law**); *Ortiz v. Sig Sauer, Inc.*, 596 F. Supp.3d 339, 355 (D.N.H. 2022) (**NH law**); *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 706 F. Supp.2d 655, 692 (D. La. 2010) (**Virginia law**).

Like Plaintiffs here, the plaintiffs in *Takata* argued that "the damages for their claims are calculated at the point of purchase, so whatever is done with the vehicle afterwards 'is irrelevant to whether the Plaintiffs were injured in the first place.'" *Takata*, 2022 U.S. Dist. LEXIS 205085, at *151.  The court disagreed and explained that to afford the plaintiffs the "proper benefit-of-the-bargain damages they seek, [it] must consider the cost of repair ***in tandem with*** the alleged point-of-sale overpayment

and award the ***lesser*** of these damages measures" to avoid a double recovery and windfall. *Id.* at 151 (emphasis added). Therefore, "even though 'benefit-of-the-bargain damages must be measured at the 'time of sale' — i.e., when the bargain in question was struck — it does not follow that subsequent events cannot mitigate or otherwise reduce a plaintiffs' entitlement to such damages.'" *Id.* Where the defendant has either replaced or even *offered to replace* the allegedly defective vehicle part for free, the plaintiffs' costs of repair are *zero*. *Takata*, 2022 U.S. Dist. LEXIS 205085, at *138-39, *154-55. *Critically*, Plaintiffs economist expert, Edward Stockton, equates Plaintiffs' "overpayment" damage here with the cost of repair. (SS No. 93). *But the cost of repair to Plaintiffs under the market action is **zero**—both the software update and warranty extension are free for Plaintiffs*. (SS Nos. 95-100). Thus, their "damages" are zero also.

Plaintiffs may argue that several of them have not yet received the free software update yet or starter replacement. This is irrelevant, since even an *offer to repair* is enough. *Takata*, 2022 U.S. Dist. LEXIS 205085, at *136, *141, *154-55. As in *Takata*, "[i]t is undisputed [each plaintiff] has already had ***or could have had the []*** ***repair*** and replacement performed free of charge—[and thus] have been compensated and made whole[,] got what they bargained for[,] … [and] are now in essentially the same position they would have been in had Defendant sold them vehicles with non-defective [AIS systems], and thus they have no legally recoverable benefit-of-the-bargain damages." *Id.* at *154-55 (emphasis added).

This finding makes perfect sense. Cars are not sold with guarantees of perfection. Instead, cars are sold with warranties that promise repairs if components fail within defined time/mileage periods. Indeed, as Stockton readily acknowledged, most consumers assume products may malfunction in the future. (SS Nos. 101-102). Thus, consumer purchase expectations are framed not by expectations of perfect products, but rather by warranty-based promises of repair if products malfunction. *See, e.g.*, *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1026-27 (9th Cir. 2008)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

144854076.12                                    10                        2:22-cv-04252-MCS-SK
DEFENDANT AHM'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION

(citing cases).  Honda's free and *highly* effective software update (SS Nos. 103-104) and generous warranty extension have abundantly restored any purportedly lost benefit-of-the-bargain.  Plaintiffs' damages are *zero* here, like in *Takata*.  All claims must be summarily dismissed for lack of damages.

## V.    PLAINTIFFS' CONSUMER FRAUD CLAIMS REQUIRE SUMMARY DISMISSAL.

### A.    There Is No Genuine Issue As to AHM's Duty to Disclose.

Plaintiffs' fraud and State consumer protection claims each require either an affirmative misrepresentation or an omission of material fact.  Plaintiffs rely entirely on AHM's purported failure to disclose AIS No-Restart pre-purchase.  (SS Nos. 105-108).

To state a claim for failure to disclose a defect, Plaintiffs must establish "(1) the existence of a design defect; (2) the existence of an *unreasonable safety hazard*; (3) a causal connection between the alleged defect and the alleged safety hazard; and [4] that the manufacturer knew of the defect at the time a sale was made."  *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1025-26 (9th Cir. 2017) (citation omitted) (CA, MA, NY, NC, WA, FL, TX, RI, VA, MD, NJ, and CT law); *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1142-43 (9th Cir. 2012) (in omission cases, plaintiff must establish an unreasonable safety hazard).  Plaintiffs lack evidence to establish many of these required elements for their claims.

#### 1.    *Plaintiffs Lack Evidence to Show AIS-No Restart Presents an Unreasonable Safety Risk.*

Even the safest product may be rendered "unsafe" under unique circumstances.  As Justice Breyer once noted, "'over the next 13 years, we can expect more than a dozen deaths from ingested *toothpicks* ...."  Steven Breyer, *Breaking the Vicious Cycle: Toward Effective Risk Management* at 14 (emphasis in original), quoting *Corrosion Proof Fittings v. EPA*, 947 F.2d 1201, 1223 n. 23 (5th Cir. 1991).  Thus, the relevant safety inquiry is not whether Plaintiffs can muster evidence of isolated or idiosyncratic safety concerns.  Rather, they must establish an *unreasonable safety*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    *concern*.  Plaintiffs lack such evidence.

2         A duty to disclose arises only if a "defect" poses an unreasonable safety risk.

3    *Williams*, 851 F.3d at 1029; *Wilson*, 668 F.3d at 1141–42 (fraud by omission for post-

4    warranty defect must allege physical injury or a "safety concern") (citation omitted));

5    *Taleshpour v. Apple, Inc.*, 2022 WL 1577802, at *1 (9th Cir. May 19, 2022) (holding

6    *Wilson* is binding regardless of *Hodsdon v. Mars, Inc.*, 891 F.3d 857 (9th Cir. 2018)).

7    The crux of Plaintiffs' "safety" claim here is that AIS No-Restart "causes the Class

8    Vehicle's engines not to restart when the vehicles' brake pedals are released" and cars

9    "become temporarily disabled and inoperable." (SS Nos. 109-110).  But as NHTSA

10   has stated, not every vehicle stall presents an unreasonable safety risk:

11         NHTSA considers several factors when assessing the safety risk posed
12         by conditions that may result in engine stall while driving. These
           include the speeds at which stalling may occur, the ability of the driver
13         to restart the vehicle, the warning available to the driver prior to
           stalling, the effects of engine stall on vehicle controllability, when and
14         where the stalling will occur and the effects of the condition on other
           safety systems of the vehicle.  In general, conditions that result in
15         engine stall during low-speed operation at idle, such as when slowing
16         to a stop, and which do not affect the operator's ability to immediately
           restart the engine are considered the least hazardous types of stalling
17         problems and, absent other safety factors, are not considered to be
           unreasonable risks to safety.
18

19   80 Fed. Reg. 18935 (Apr. 8, 2015).  Plaintiffs rely on anecdotal and anonymous
20
     stalling complaints, while ignoring the analytical context NHTSA states is relevant,
21
     to wholesale proclaim that AIS No-Restart presents a safety concern.  This is not
22
     admissible evidence from which a jury can conclude that AIS No-Restart presents an
23
     *unreasonable safety risk.*
24
          As NHTSA's guidance makes plain, safety determinations are both complex
25
     and multifaceted.  This determination is not made through anecdotal and unverified
26
     internet posts.  Instead, a jury must be guided by competent expert analysis that itself
27
     is grounded in a multitude of factors and informed by uniform standards for assessing
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   risk. Plaintiffs rely on Okçuoğlu, who as set forth in the concurrently-filed Motion to

2   Exclude, offers a slipshod analysis of safety supported only by his say-so.  Indeed,

3   since he did no independent safety analysis (SS Nos. , Okçuoğlu admitted he "didn't

4   have any reason to dispute or challenge [Honda's] *findings*" (SS Nos. 111-112)—

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    (SS Nos. 113-115). The only competent evidence on safety is AHM's, ████

2    ██████████████████████████████████████ (SS Nos. 114-115).

3        Plaintiffs' individual AIS No-Restart experiences do not alter this analysis. Lay

4    jurors are not equipped to make complex safety determinations for thousands of cars

5    based on anecdotal single-Plaintiff evidence. Even if this were not so, many Plaintiffs

6    testified that on the rare instances when they experienced AIS No-Restart, it was at a

7    stop sign or a traffic light after their vehicles stopped, their dashboards lit up, and they

8    immediately knew something was wrong with the car. (SS Nos. 116-117, 120-121,

9    123-124, 126-128, 129-130, 132-134). Many also said they were able to restart their

10   engines shortly after the AIS No-Restart. (SS Nos. 118-119, 122, 125, 135-151). And

11   no Plaintiff claimed he/she was in an accident, experienced a near miss, or that other

12   drivers could not drive around them while they were momentarily stopped. Indeed,

13   Plaintiffs have no evidence that the rear-end potential in cars with AIS No-Restart is

14   greater than in cars waiting at stoplights and that are rear-ended by inattentive or

15   distracted drivers.

16       In short, Plaintiffs lack competent evidence to show AIS No-Restart presents

17   an unreasonable safety concern. AHM is entitled to summary judgment as to

18   Plaintiffs' consumer protection and fraud claims. *Smith v. Ford Motor Co.*, 749 F.

19   Supp. 2d 980, 991 (N.D. Cal. 2010), *aff'd*, 462 F. App'x 660 (9th Cir. 2011) (granting

20   summary judgment where the plaintiffs offered no proof of an unreasonable safety

21   concern caused by the alleged defect).

22       **2.**    ***Many Plaintiffs Purchased Used Vehicles from Third Parties and Not from AHM or Any Honda or Acura Dealer.***

23

24       Separately, the fraud and consumer protection claims of Plaintiffs O'Neill,

25   Lanus, Elliott, Barrett, Qureshi, O'Basuyi, Ransome, and Johnson should be

26   summarily dismissed because they purchased *used* vehicles from third-parties

27   unaffiliated with AHM. (SS Nos. 152-159). AHM has no legal duty to disclose

28   information to used car purchasers who purchased their cars from non-AHM affiliated

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

144854076.12            14          2:22-cv-04252-MCS-SK

DEFENDANT AHM'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION

dealers. *Faltermeier v. FCA US LLC*, 899 F.3d 617, 622 (8th Cir. 2018) (affirming summary judgment of consumer protection claim in misrepresentation case involving used car purchases from unrelated third party); *Baranco v. Ford Motor Co.*, 294 F. Supp. 3d 950, 967-68 (N.D. Cal. 2018) (dismissing omissions claims against Ford by plaintiff who bought from a non-Ford dealer); *Hindsman v. GM LLC*, 2018 WL 2463113, at *13 (N.D. Cal. June 1, 2018) (dismissing omission claims brought by plaintiff who purchased used from a private seller); *Faltermeier*, 899 F.3d at 622; *Baranco v. Ford Motor Co.*, 294 F. Supp. 3d 950, 967-68 (N.D. Cal. 2018). Plaintiffs tacitly acknowledged this by abandoning their request to certify claims by consumers who bought used vehicles from third parties.

### B.     Plaintiffs Lack Evidence on Materiality.

Plaintiffs also lack evidence that "reasonable consumers" would consider information about AIS No-Restart to be "material." Thus, the fraud and consumer protection claims fail for this second, independent reason.

"[A] 'material fact' is one 'to which a reasonable person would attach importance' in determining her course of action in a given transaction." *Beaty v. Ford Motor Co.*, 2020 U.S. Dist. LEXIS 23670, at *12 (W.D. Wash. Feb. 11, 2020). And under the "reasonable consumer" standard, a plaintiff must "show that 'members of the public are likely to be deceived.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016). This requires a showing "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* (citations omitted).

Plaintiffs have *no evidence* of materiality, much less evidence on the views of a "reasonable consumer." They rely on presumptions and assumptions of materiality because Plaintiffs did not conduct a consumer survey or adduce other materiality evidence. But Plaintiffs' "subjective [materiality] belief[s]" are not enough. *See Hughes v. Ester C Co.*, 330 F. Supp. 3d 862, 871 (E.D.N.Y. 2018) (granting MSJ as to CLRA, FAL, UCL claims for failure to demonstrate materiality as to others); *see*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

144854076.12

15

2:22-cv-04252-MCS-SK

DEFENDANT AHM'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION

1   *also Ries v. Ariz. Bevs. USA LLC*, 2013 U.S. Dist. LEXIS 46013, at *19-20 (N.D. Cal.

2   Mar. 28, 2013) ("plaintiff must demonstrate by extrinsic evidence, such as consumer

3   survey evidence, that the challenged statements tend to mislead consumers.") (citation

4   omitted); *Tran v. Sioux Honey Ass'n, Coop*., 471 F. Supp. 3d 1019, 1026 (C.D. Cal.

5   2020) (granting summary judgment to defendant where plaintiff challenged honey

6   displaying a "100% Pure" label because plaintiff failed "to introduce evidence that

7   could support a finding that reasonable consumers believe the word 'Pure' on the label

8   means that there will be no trace amounts of pesticide in their honey[.]") (emphasis

9   in original); *Bustamante v. Kind, LLC*, 100 F.4th 419, 434 (2d Cir. 2024) (affirming

10  grant of summary judgment where "KIND has pointed to a lack of evidence … that a

11  reasonable consumer acting reasonably would be deceived by the 'All Natural' claim

12  on KIND products" and noting "[w]ithout evidence of a reasonable consumer's

13  understanding … plaintiffs cannot succeed on their claims at summary judgment"

14  which requires a different showing than on motion to dismiss or certification.)

15       The *only* materiality evidence is the testimony of the four purportedly

16  "reasonable" Plaintiffs Barrett, Crary, Durrani, and Bolooki, who each admitted they

17  knew about AIS No-Restart based on their past pre-purchase experiences with the

18  purported defect (SS Nos. 160-64, 165-68, 169-71, 172-73), but proceeded to buy an

19  AIS-equipped car anyway. (SS Nos. 160-73, 174-75). Yet all four Plaintiffs

20  previously alleged in the TCAC that pre-purchase knowledge of AIS No-Restart

21  would have been material to them.  (SS Nos. 160, 165, 169, 172).  Against this

22  backdrop of actual evidence as to the lack of materiality, and armed with nothing but

23  their *allegations*, Plaintiffs cannot rely on presumptions to show that AIS No-Restart

24  knowledge would be material to a reasonable consumer.  Plaintiffs' presumptions of

25  materiality are unfounded, as shown by their *own* conduct.  The fraud and consumer

26  protection claims fail as a matter of law on the basis of this second, separate reason.

27       Plaintiffs may again cite *Speerly v. General Motors, LLC*, No. 23-1940 (6th

28  Cir. Aug. 28, 2024), which they submitted to this Court through an improper sur-reply

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

in support of certification [Dkt. 162], but this does not announce a different rule or dictate a different outcome. *Speerly* addresses certification, not *evidentiary* requirements on summary judgment and is irrelevant on that basis alone. *See Bustamante*, 100 F.4th at 434 ("while the [reasonable consumer] 'evidence' to which plaintiffs point may have sufficed to overcome a motion to dismiss, or to support a motion for class certification, it fails to raise a triable issue of fact at summary judgment.") And separately, on a substantive basis, there is no suggestion in *Speerly* that presumptions can overcome actual evidence from the purportedly "reasonable consumer" named plaintiffs as to the *lack* of materiality, even on certification. Indeed, there was no evidence or mention in *Speerly*, unlike here, that any purportedly "reasonable" plaintiff in the case had actual knowledge of a defect pre-purchase and bought the car anyway. Plaintiffs here repeatedly equate themselves with a "reasonable consumer." (SS No. 176). And the only evidence as to how knowledge of AIS No-Restart would affect such reasonable consumers' behaviors does *not* support Plaintiffs' evidence-free assertion of materiality.

## VI. PLAINTIFFS' IMPLIED WARRANTY CLAIMS REQUIRE SUMMARY DISMISSAL.

### A. There Is No Genuine Dispute the Subject Vehicles Possess a Basic Degree of Fitness for Ordinary Use.

Plaintiffs' implied warranty claims under Florida, Alabama, California, Connecticut, Delaware, Indiana, Louisiana, Maryland, New Hampshire, New Jersey, New York, Ohio, Pennsylvania, Rhode Island, Texas, Virginia, and Washington state laws[4] all require evidence that Class Vehicles are not "fit for the ordinary purposes for which such [cars] are used."[5] "[T]o create a genuine dispute of material fact and

---

[4] Plaintiffs do not assert an implied warranty claim under Illinois law.

[5] Cal. Com. Code §2314(2); Cal. Civ. Code §1791.1; Al. Stat. §7-2-314(2)(c); Fla. Stat. §672.314; Tex. Bus & Com. Code §2.314; Conn. Gen. Stat. §42a-2-314(2); 6 Del.C. §2-314(c); Ind. Code Ann. §2-314(2)(c); La. Civ. Code art. 2524; Md. Code Ann., Com. Law § 2-314(2)(c); N.J.S.A. 12A:2-314(2)(c); N.Y.U.C.C §2-314(2)(c); Ohio Rev. Code §1302.27(B)(3); 13 Pa. C.S.A. §2314(b)(3); R.I. Gen. Law. §6A-2-314(2)(c); Va. Code Ann. §8.2.314(2)(c); Rev. Code Wa. 62A.2-314(2)(c); N.H. Rev. Stat. §382-A:2-314(2)(c).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  survive summary judgment, Plaintiffs must offer evidence from which a jury could

2  conclude that the [Subject Vehicles] lack[] *even the most basic degree of fitness for*

3  *ordinary use*." *Knowles*, 2019 U.S. Dist. LEXIS 142293, at *14 (emphasis added).

4  An implied warranty breach for cars is shown if a claimed defect "drastically

5  undermine[s] the ordinary operation of the vehicle." *Troup*, 545 F. App'x at 669;

6  *Weidman v. Ford Motor Co.*, 2020 U.S. Dist. LEXIS 23547, at *14 (E.D. Mich. Feb.

7  11, 2020) (dismissing TX, CA, and MI implied warranty claims because plaintiffs did

8  not show defects prevented use of their cars).

9      For example, in *Troup*, the alleged defect in the vehicle's fuel system "merely

10 required the Troups to refuel more often." 545 F. App'x at 669. Because the defect

11 "did not compromise the vehicle's safety, render it inoperable, or drastically reduce

12 its mileage range," plaintiffs had no claim for breach of the implied warranty. *Id.* By

13 analogy, there is no evidence here that the rare instances of AIS No-Restart (1)

14 compromise the Subject Vehicles' safety (*see infra* Sec. VI.B), (2) render the cars

15 inoperable, or (3) drastically undermine their ability to provide reliable transportation.

16 Indeed, all Plaintiffs drove their cars for tens of thousands of miles, with many driving

17 upwards of 20,000 miles a year. (SS Nos. 177-79, 180-81, 183-84, 186-87, 188-89).

18 Thus, no reasonable jury can possibly conclude Plaintiffs' use of their cars was

19 "drastically undermined." *Elfaridi v. Mercedes-Benz USA, LLC*, 2018 U.S. Dist.

20 LEXIS 145196, at *25-26 (E.D. Mo. Aug. 27, 2018) (a "single incident of broken

21 [sunroof] glass" after several years of driving, even after replacing the sunroof, did

22 not render the car unfit, unsafe, or unmerchantable); *Sheris v. Nissan N. Am., Inc.*,

23 2008 U.S. Dist. LEXIS 43664, at *14 (D.N.J. June 2, 2008) (car driven approximately

24 20,000 miles before needing to replace brake pads was merchantable).

25     Further, Plaintiffs each continued to drive their cars even *after* they allegedly

26 experienced AIS No-Restart. (SS Nos. 182, 185, 190, 191-206). Continued use of

27 allegedly defective cars precludes unmerchantability claims. *See, e.g.*, *Lee v. Toyota*

28 *Motor Sales, U.S.A., Inc.*, 992 F. Supp. 2d 962, 980 (C.D. Cal. 2014) (dismissing

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

144854076.12                                18                        2:22-cv-04252-MCS-SK
DEFENDANT AHM'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION

implied warranty claim in part because plaintiffs had not stopped using their vehicles); *Kent v. Hewlett-Packard Co.*, 2010 U.S. Dist. LEXIS 76818, at *12 (N.D. Cal. July 6, 2010) ("[p]laintiffs do not allege that they have been forced to abandon the use of their computers"). Further, AHM has now remedied AIS No-Restart through a highly-effective software update and a warranty extension. (SS Nos. 206-209). There is no genuine dispute—the Subject Vehicles are fit for their ordinary purposes.

      **B.**    **Plaintiffs' Failure to Adduce Evidence of a Safety Risk Is Dispositive of Their Implied Warranty Claims Also.**

Plaintiffs' failure to demonstrate an unreasonable safety risk is just as detrimental for their implied warranty claims. Where a defect "does not pose an unreasonable health or safety risk to the driver or passengers, [] the Class Vehicles are fit for driving and satisfy a minimum level of quality." *Wong v. Am. Honda Motor Co.*, 2022 U.S. Dist. LEXIS 154932, at *26-27 (C.D. Cal. June 21, 2022) (dismissing implied warranty claims without leave where the alleged "defect" did not support the notion the cars are unmerchantable since there was no safety risk). As previously discussed, Plaintiffs fail to offer any admissible evidence of an unreasonable safety risk. (*See* Sec. V.A.1). Without such evidence, Plaintiffs cannot show their vehicles are unmerchantable, especially where they have driven them for thousands of miles. (SS Nos. 211-221).

**VII.**  **PLAINTIFFS' UNJUST ENRICHMENT CLAIMS MUST BE DISMISSED.**

The California and Texas Plaintiffs' unjust enrichment claims fail because these states do not recognize unjust enrichment as an independent cause of action. *Williams v. Yamaha Motor Corp.*, 2015 U.S. Dist. LEXIS 193825, at *30 (C.D. Cal. Jan. 7, 2015) ("California does not recognize a cause of action for unjust enrichment."); *Llort v. BMW of N. Am., LLC*, 2020 U.S. Dist. LEXIS 96992, at *27 (W.D. Tex. June 2, 2020) (unjust enrichment "is not an independent cause of action under Texas law").

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

144854076.12                19                2:22-cv-04252-MCS-SK

DEFENDANT AHM'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION

Additionally, Plaintiffs who purchased their vehicles from third parties unaffiliated with AHM also have no unjust enrichment claim. *See, e.g.*, *In re Static RAM Antitrust Litig.*, 2010 U.S. Dist. LEXIS 131002, at *47 (N.D. Cal. Dec. 8, 2010) (granting defendant summary judgment under Pennsylvania law where plaintiff was an indirect purchaser). Plaintiffs O'Neill, Lanus, Elliott, Barrett, Qureshi, O'Basuyi, Ransome, and Johnson purchased used vehicles from third parties unaffiliated with AHM (SS Nos. 222-29)  These Plaintiffs' third-party transactions did not confer any direct benefit on AHM.  Their unjust enrichment claims therefore fail. *See, e.g., In re Takata Airbag Prods. Liab. Litig.,* 255 F. Supp. 3d 1241, 1260 (S.D. Fla. 2017) (dismissing unjust enrichment claims where plaintiffs purchased vehicles from unaffiliated third parties).

Lastly, all Plaintiffs' unjust enrichment claims fail because Plaintiffs lack evidence to show AHM was unjustly enriched.  It is undisputed that AHM offered Plaintiffs a *free* remedy to address AIS-No Restart—a software update and warranty extension.  (SS Nos. 230-35).  Plaintiffs have no evidence that AHM has been "unjustly enriched" when it has restored Plaintiffs' pre-purchase expectations of a free repair to conform a vehicle to the warranty should their cars malfunction.  Further, the extended warranty provides a contractual obligation, which precludes a quasi-contractual claim under unjust enrichment. *See, e.g.*, *Cunningham v. Ford Motor Co.*, 641 F. Supp. 3d 400, 413 (E.D. Mich. 2022) ("vehicle purchaser cannot maintain an unjust enrichment claim where there is an express warranty that governs the same subject matter as his unjust enrichment claims"); *Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996) (Under CA and NY law "unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties.").

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

144854076.12                                    20                        2:22-cv-04252-MCS-SK

DEFENDANT AHM'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION

**VIII. IN THE ALTERNATIVE, AHM IS ENTITLED TO SUMMARY ADJUDICATION.**

**A.    Several Plaintiffs' Claims Should Be Summarily Dismissed Because They Are Indisputably Time-Barred.**

Plaintiffs commenced this lawsuit on June 21, 2022 (Dkt. 1.)  As this Court previously recognized, "Bolooki, Kaminski, Derry, … all brought claims between four and seven years after first experiencing a defect" and thus, their claims are all time-barred. *In re Idle Stop Litig.*, 694 F.Supp.3d 1293, 1307-1309 (C.D. Cal. 2023). Although Plaintiffs re-pled all three plaintiffs' claims in the TCAC, discovery confirms their claims were time-barred, as follows:

- Bolooki alleged his car began to stall in 2017, "a little over two years after purchasing his Pilot" (SS No. 236), and confirmed this in discovery. (SS Nos. 239-40).  His claims were barred not later than 2021.[6]

- Kaminski alleged his car began to stall "due to the Idle Stop defect" in 2017 (SS No. 237), and confirmed this 2017 date at deposition.  (SS Nos. 241-42) His claims were barred not later than 2021.[7]

- Derry alleged his car began to stall "due to the Idle Stop defect" in 2016 (SS No. 238) and confirmed this date in discovery.  (SS Nos. 243-44).  His claims were barred not later than 2020. [8]

---

[6] Fla. Stat. Ann. § 95.11(3)(f) (four year SOL for FDUTPA);  *Ellerbee v. Ethicon, Inc.*, 2020 U.S. Dist. LEXIS 160130, at *11 (M.D. Fla. Sep. 2, 2020); *Gerstle v. Am. Honda Motor Co.*, 2017 U.S. Dist. LEXIS 62809, at *33 (N.D. Cal. Apr. 25, 2017) (three-year SOL for FL Lemon Law begins from vehicle delivery); Fla. Stat. Ann. § 95.11(3)(j) (four year SOL for fraud claim); *Vibo Corp. v. U.S. Flue-Cured Tobacco Growers, Inc.*, 2018 U.S. Dist. LEXIS 82539, at *6 (S.D. Fla. May 14, 2018) (four year SOL for FL unjust enrichment claim).

[7] Ind. Code Ann. § 24-05-0.5-5(b) (two years SOL for DCSA claim); Ind. Code Ann. § 26-1-2-725(1) (four years SOL for implied warranty), *U.S. Specialty Ins. Co. v. Daimler Trucks N. Am., LLC*, 2017 U.S. Dist. LEXIS 87428, *5 (S.D. Ind. May 19, 2017).

[8] N.H. Rev. Stat. Ann. § 358-A:3(IV-a), (-b) (three-year SOL for N.H. (footnote continued)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

144854076.12                    21                    2:22-cv-04252-MCS-SK
DEFENDANT AHM'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION

The only lingering doubt, if any, was as to Plaintiff Jew's claims, which survived dismissal because "there are no allegations indicating when he first experienced an idle stop defect" in his 2016 model year Pilot. *In Re Idle Stop. Litig.*, 694 F.Supp.3d at 1308. Jew admitted in discovery that he "first experienced the Idle Stop Defect around March or April 2018 ...." (SS Nos. 245-46). Jew's Washington claims are subject to a three or four year statute of limitations;[9] they were time-barred by April 2022, before Plaintiffs filed suit.

### B. Summary Judgment Should Be Granted for Claims of Plaintiffs Who Own an Odyssey Because Plaintiffs Lack Evidence of a Defect in those Cars.

Plaintiffs O'Basuyi and Taranto both allege the AIS in their respective 2018 and 2019 Odyssey vehicles is "defective." (SS Nos. 247-48). Yet neither can offer any evidence of a defect for the Odyssey. Okçuoğlu said he is *not* providing an opinion as to the existence or non-existence of a defect in Odyssey vehicles. (SS Nos. 249-51) And as Plaintiffs admitted in their certification reply, they did not seek to certify a class that includes the Odyssey because it "differ[s] in a small, but arguably material, way from the other class vehicles." (Dkt. 150 at 7:23-8:2; *see also* Dkt. 137 at 1:6-13). Because Plaintiffs have no defect evidence for the Odyssey, *all* of the claims by Taranto and O'Basuyi must be summarily dismissed. *In re Toyota Motor Corp. Hybrid Brake Mktg., Sales Practices & Prods. Liab. Litig.*, 959 F. Supp. 2d at 1245 (granting MSJ where plaintiff failed to present evidence of a defect) (*aff'd*

Consumer Protection Act); *id*. § 382-A:2-725(1) (four-year SOL for all breach of contract actions); *id*. § 508:4(I) (three-year SOL for "all personal actions").

[9] *Hosseinzsadeh v. Bellevue Park Homeowners Ass'n,* 2021 U.S. Dist. LEXIS 5968, *16-17 (W.D. Wash. Jan. 12, 2021) (four-year SOL for Wash. CPA); Rev. Code Wash. (ARCW) § 62A.2A-506 (four-year SOL for implied warranty); *Tucker v. BMW of N. Am. LLC*, 2020 U.S. Dist. LEXIS 175794, *10 (W.D. Wash. Sept. 24, 2020) (three-year SOL for fraud claims); *O'Donnell/Salvatori Inc. v. Microsoft Corp.*, 2021 U.S. Dist. LEXIS 27499, 2021 WL 535128, at *7 (W.D. Wash. Feb. 12, 2021) (three-year SOL for unjust enrichment claims).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Kramer v. Toyota Motor Corp.*, 668 F. App'x 765 (9th Cir. 2016)); *Grimstad v. FCA US LLC*, 2018 U.S. Dist. LEXIS 208164, at *15-16 (C.D. Cal. Dec. 3, 2018) (granting MSJ where plaintiffs lacked "competent evidence of the existence of an actionable defect"); *Alexander v. Danek Med., Inc.*, 37 F. Supp. 2d 1346, 1349 (M.D. Fla. 1999) (granting defendant's MSJ and holding that "[t]o prove a defective product, a defect must be proven by expert testimony"); *Barnett v. Mentor H/S, Inc.*, 133 F. Supp. 2d 507 (N.D. Tex. 2001) (failure to establish defect is fatal on MSJ to breach of contract, fraud, consumer protection claims).

### C. Summary Judgment Should Be Granted For the Claims By Plaintiffs Who Bought Cars Before Honda Commenced Its AIS No-Restart Investigation of Potential AIS Problems.

A duty to disclose for fraud/consumer protection claims requires evidence of AHM's knowledge at the time of sale or lease, *i.e.*, pre-sale knowledge. *Wilson*, 668 F.3d at 1141-42. Plaintiffs indisputably lack such evidence in general, but certainly for Plaintiffs Bolooki, Crary, Bishop, Simpson, Simpson, Kaminski, Derry, Rock, and Jew. These plaintiffs each bought cars *before* late 2018 (SS Nos. 252-59), ███

███████████████████████████████████████████████████

█████████████████████████████████.

████████████████████████████. (SS Nos. 260-61). ███

████████████████████████████████████████████████████

█████████████████ (SS Nos. 263-66). █████████████████

████████████████████████████████████████████████████

█████████████ (SS No. 262). But the sparse AIS claims did not signal a potential

concern █████████████████████████████████████████████

██████████████████████████████. (SS Nos. 267-68, 273-74). Honda prepared a █████████████████████████████████

██████████████████████████████. (SS Nos. 267-68, 269, 270-72). Even

then, ████████████████████████████████████████████████

████████████████████████████████████████████████████

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

████████████████████████████████████████████████████

████████████████████████ (SS Nos. 270-71). Such low volumes at most show there may be a few lemons, not a fleetwide problem. *Bolooki v. Honda Motor Co., Ltd.*, 2023 U.S. Dist. LEXIS 42028, at *19 (C.D. Cal. Mar. 10, 2023); *Deras v. Volkswagen Grp. of Am., Inc*., 2018 WL 2267448, at *4 (N.D. Cal. May 17, 2018) (56 complaints out of hundreds of thousands of vehicles is not "an unusually high number of complaints."); *Nickerson v. Goodyear Tire & Rubber Corp*., 2020 WL 4937561, at *9 (C.D. Cal. June 3, 2020) (over 100 NHTSA consumer complaints not enough for knowledge). Knowledge requires an *unusual* number of complaints. *Sloan v. Gen. Motors LLC*, 2017 WL 3283998, at *7 (N.D. Cal. Aug. 1, 2017)(citations omitted). Further, complaints alone may highlight a *possible* problem; they don't show "knowledge of a *defect*" which is identified following a root cause analysis. *Berenblat v. Apple, Inc.*, 2010 WL 1460297, at *9 (N.D. Cal. Apr. 9, 2010) ("[C]omplaints posted on Apple's consumer website merely establish the fact that some consumers were complaining."); *Baba v. Hewlett-Packard Co.*, 2011 WL 317650, at *3 (N.D. Cal. Jan. 28, 2011) (same).

None of the Plaintiffs below bought a TLX, or bought a car before ████████████████████████████████████████████████████████

████████████ :

| Plaintiff | Vehicle Acquired | Vehicle Purchased |
|-----------|------------------|-------------------|
| Bolooki | Oct. 2015 | Pilot |
| Crary | Nov. 2018 | Passport |
| Bishop | Dec. 2018 | Pilot |
| Simpson | Nov. 2016 | Pilot |
| Kaminski | Sept. 2015 | Pilot |
| Derry | Dec. 2015 | Pilot |
| Rock | Feb. 2017 | Pilot |
| Jew | April 2016 | Pilot |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT AHM'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION

(SS Nos. 252-59).  There is no evidence to show ███████████████████████ ███████████████████████████████████████████████ ████████████. (SS Nos. 267-69).  They cannot establish a duty to disclose for their fraud and consumer protection claims.

### D.    Plaintiffs Who Bought With Pre-Purchase Knowledge of AIS No-Restart Cannot Assert Any Claim.

Honda's alleged "failure to disclose" AIS No-Restart is a foundational allegation for each of Plaintiffs' claims in this lawsuit, regardless whether such claims are for fraud/consumer protection, implied warranty, or unjust enrichment.  Yet Crary, Bolooki, Barrett, and Durrani each admitted that they bought cars with knowledge of AIS No-Restart.  (SS Nos. 275-88).  They cannot claim deception or ignorance, which requires dismissal of *all* their claims.

### E.    Plaintiff Pourjafar's CLRA and Implied Warranty Claims Must Be Summarily Dismissed.

Pourjafar leased a 2021 Pilot from a Honda dealership which he unambiguously admitted was for business use:

Q:    Okay.  Did you lease your Honda Pilot for business or personal use?

A:    Business use.

(SS Nos. 289-90).  Pourjafar even declares the car as an expense on his tax returns.  (SS Nos. 289-90).  Yet Pourjafar asserts claims for violation of the CLRA (Count 10) and breach of implied warranty (Song Beverly) (Count 12) under statutes that unambiguously apply only to goods purchased for "personal, family, or household use."  *See* Cal. Civ. Code § 1761; Cal. Civ. Code § 1791(a); *Dipito Ltd. Liab. Co. v. Manheim Invs., Inc.*, 2021 U.S. Dist. LEXIS 239002, at *45 (S.D. Cal. Dec. 13, 2021) (implied warranty limited to cars purchased for personal use).  Pourjafar is barred from asserting a claim under the CLRA or the Song Beverly Act for breach of implied warranty and both claims should be summarily dismissed.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

144854076.12                                    25                            2:22-cv-04252-MCS-SK
DEFENDANT AHM'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION

1

## IX.    CONCLUSION

2          For the foregoing reasons, AHM respectfully requests that its Motion be

3    granted in its entirety as to all claims, or alternatively, partially granted.

4

5    Dated: September 9, 2024          LEWIS BRISBOIS BISGAARD & SMITH LLP

6
                                       By: _____
7                                          Eric Y. Kizirian
                                           Zourik Zarifian
8                                          Attorneys for Defendant,
9                                          American Honda Motor Co., Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## <u>Certification of Compliance with C.D. Cal. L.R. 11-6.1</u>

2    The undersigned, counsel of record for American Honda Motor Co., Inc.,

3 certifies that this brief contains 7,939 words, as pictured below, which complies with

4 the Court's Order allowing AHM's opening brief to contain 10,000 words or less.

5 [Dkt. 161].

6



14 DATED: September 9, 2024        LEWIS BRISBOIS BISGAARD & SMITH LLP

16    By: _____

17    Eric Kizirian

18    Attorneys for Defendant,
      American Honda Motor Co., Inc.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

144854076.12                27                2:22-cv-04252-MCS-SK
DEFENDANT AHM'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION